**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONCURRENT VENTURES, LLC AND XTREAMEDGE, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED MICRO DEVICES, INC. AND PENSANDO SYSTEMS, INC.,<br><br>Defendants. | Case Number: 4:25-cv-09567-JST<br><br>**[~~PROPOSED~~] STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing side for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per side. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search

and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

## METADATA AND COLOR FORMATTING

13. Absent a showing of good cause, ESI productions shall include the following limited metadata: fields showing the date and time that the document or file was created, modified, sent, and received, as well as the complete distribution list, document title/email subject, file extension, and custodian, if such fields exist and are reasonably available to the producing party. In addition, the following fields shall be included in the production if such fields exist and are reasonably available to the producing party:

| **Field Name** | **Field Description** |
|---|---|
| BEGBATES | Number stamped on first image page of document |
| ENDBATES | Number stamped on last image page of document |
| BEGATTACH | Number stamped on first image page of attachment(s) |
| ENDATTACH | Number stamped on last image page of attachment(s) |
| CONFIDENTIALITY | Indicates whether a document has been designated as confidential under the stipulated protective order that the parties plan to submit |
| CUSTODIAN | Where applicable and available, identifies the individual (custodian) from whom the document originated and all other |

| | |
|---|---|
| | individuals whose files were de-duplicated but contained a copy of the document (De-Duped Custodian) |
| FILENAME | File name of an electronic document or attachment |
| NATIVEFILELINK | For documents produced as native file, link to that file |
| TEXTFILELINK | Link to text file produced with document or attachment |
| FILE EXTENSION | File extension of the native document |
| AUTHOR | Identifies the individual who authored the document. |
| DATECREATED | The date the document was created |
| DATESENT | For emails, the date the email was sent |
| DATERECEIVED | For emails, the date the email was received |
| EMAILSUBJECT | For emails, the subject line of an email |
| FROM | For emails, the sender of the email |
| TO | For emails, all recipients of the email |
| CC | For emails, all recipients who were copied on the email |
| FILEPATH | The file path where the document was stored in the ordinary course of business |
| HASHVALUE | A hash value (MD5 or SHA-1) for de-duplication and authentication purposes |

14. All ESI documents containing significant color should be produced in color.

**NATIVE FILES**

15. For documents produced following the entry of this Order, spreadsheet documents (e.g. Excel files), Poweroint presentations (.ppt; .pptx), and other documents not compatible with production as TIFF or JPEG files will be produced in native format. Native Files will be produced with a placeholder image and will contain the endorsed production number. A party may make a reasonable request to receive a document in its native format (e.g., electronic document is not reasonably usable or intelligible due to the production format), and upon receiving such a request, the producing party shall produce the document in its native format.

16. Native files shall be labeled with a unique production number and appropriate confidentiality designation, if any, in the file name or on the disks, hard drives, or other media containing such electronic files, as well as in the BEG BATES field of the load file. A party that opts to produce these electronic files in native format will provide at least the following metadata fields if they exist and are reasonably available: Custodian Name, Filename, Author, Date Created, and Date Modified.

**SOURCES NOT TO BE SEARCHED**

17. Absent a showing of good cause, the following categories are deemed not reasonably accessible and neither party shall be obligated to preserve, restore, search for, or produce data from them: automated disaster recovery backup systems and/or disaster recovery backup tapes or disks; legacy or archived computer systems; RAM, SAN, or temporary files; temporary internet files, history, cache, cookies, and other online access data; data in metadata fields that are updated automatically such as last-opened dates; data remaining from systems no longer in use that is unintelligible on the systems in use; residual, fragmented, damaged, permanently deleted, slack, and unallocated data; personal digital assistants; mobile devices; cell phones; USB flash drives, or the like; portable disks; voicemails; chats; instant messages; cell phone text messages; or social media.

**INADVERTENT PRODUCTION**

18. Under Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in this case or in any other federal or state proceeding. The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: January 23, 2026 */s/ Michael Matulewicz-Crowley*

Counsel for Plaintiffs

Dated: January 23, 2026 *\/s/ Harper S. Batts*

Counsel for Defendants

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: February 5, 2026

UNITED STATES DISTRICT/~~MAGISTRATE~~ JUDGE