UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CONCURRENT VENTURES, LLC, et al.,

Plaintiffs,

v.

ADVANCED MICRO DEVICES INC., et al.,

Defendants.

Case No. 25-cv-09567-JST (LB)

**DISCOVERY ORDER**

Re: ECF No. 234, 235-3, 236, 239

**INTRODUCTION**

The parties submitted four separate joint discovery letter briefs. The disputes are (1) whether the plaintiffs must electronically produce the HellaStorm source code (ECF No. 234), (2) whether the defendants must specifically identify the technically comparable patents they intend to rely on before the close of fact discovery (ECF No. 235-3), (3) whether the plaintiffs must identify specific documents supporting their damages theories under Patent Local Rule 3-8 (ECF No. 236), and (4) whether the defendants may depose a Rule 30(b)(1) witness for a total of fourteen hours (ECF No. 239).[1]

---

[1] Disc. Letter Brs. – ECF Nos. 234, 235-3, 236, and 239. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

For ECF No. 234, the defendants' motion to compel electronic production of the HellaStorm source code is denied. Electronic production of source code is precluded under the plain language of the Protective Order. The defendants' alternative request to compel the plaintiffs to produce the source code in this district is also denied for having no foundation in the Protective Order.

For ECF No. 235-3, the plaintiffs' motion to compel the defendants' specific identification of the technically comparable patents they intend to rely on before the close of fact discovery is denied. The defendants have served responsive damages contentions that identify comparable license agreements and provide a good faith explanation of technical comparability. These licenses provide the factual underpinnings for the defendants' damages theories, permitting the plaintiffs to conduct further fact discovery related to comparability. Patent Local Rule 3-9 requires no more.

For ECF No. 236, the defendants' motion to compel the plaintiffs' identification of documents supporting their Patent Local Rule 3-8 damages contentions is granted in part. Patent Local Rule 3-8 requires the plaintiffs to identify currently known evidence supporting their damages theories. The plaintiffs are not required to provide a conclusive list of all evidence they intend to rely on for their damages claims at this point in the case.

Finally, for ECF No. 239, the defendants' request to depose Rule 30(b)(1) witness Jesse D. Beeson for a total of fourteen hours is denied without prejudice. The request is premature, and the defendants have not shown good cause for why the court should permit them to depose Mr. Beeson for an additional seven hours before the deposition has commenced. The defendants may renew their request if (1) they believe additional time is warranted after they exhaust the initial seven hours provided under Rule 30(d)(1) and (2) the parties are unable to reach agreement on the extension.

**STATEMENT**

Plaintiffs Concurrent Ventures and XtreamEdge claim that defendants Advanced Micro Devices and Pensando Systems infringe five patents (the Asserted Patents). The Asserted Patents allegedly improve the performance of communications between CPUs and other network components by offloading data-heavy computations from CPUs and GPUs to more efficient hardware units designed to handle data computations. The defendants manufacture and sell DPUs

ORDER – No. 25-cv-09567-JST (LB)    2

— specialized processors used in data centers — that the plaintiffs allege practice the patented technology.[2]

This lawsuit was filed in March 2024 in the Western District of Texas and transferred to this district in November 2025.[3] While in Texas, the parties agreed to a Protective Order. The Protective Order provides specific procedures and protections related to source code produced in the litigation.[4] The plaintiffs' affiliate, HellaStorm, developed source code that the plaintiffs assert implements some of the patented technology in this case.[5] HellaStorm and its source code are no longer operational.[6] The plaintiffs have designated the HellaStorm source code as "RESTRICTED—CONFIDENTIAL SOURCE CODE" under Section 8 of the Protective Order, and they have made the source code available for inspection on a "stand-alone" computer at the office of its outside counsel in Washington, D.C.[7]

On March 9, 2026, the plaintiffs served their damages contentions pursuant to Patent Local Rule 3-8. The contentions identify multiple damages theories (including the "Income Approach," "Cost-Savings Approach," and "Market Approach") and the Georgia-Pacific factors the plaintiffs intend to rely on.[8] The contentions describe categories of "exemplary evidence" that is "potentially relevant" to each damages theory, identify approximately fifty-nine documents by Bates number, and expressly reserve the right to rely on unidentified documents.[9] A month later, the defendants served Interrogatory No. 12, which requests "identification of all Documents and Communications" related to the plaintiffs' damages methodology and computation. The plaintiffs'

---

[2] Am. Compl. (FAC) – ECF No. 142 at 2–7 (¶¶ 1–13); Case-Mgmt. Statement – ECF No. 132 at 2; R. & R. – ECF No. 58 at 1–2.

[3] Case transfer – ECF No. 122.

[4] Protective Order – ECF No. 94 at 6–9.

[5] Disc. Letter Br. – ECF No. 234 at 4.

[6] *Id.* at 1, 4.

[7] *Id.* at 3.

[8] Pls.' Prelim. Damages Contentions, Ex. A to Disc. Letter Br. – ECF No. 236-1 at 2–27.

[9] *Id.* at 2, 16–18, 20, 23–24.

ORDER – No. 25-cv-09567-JST (LB)                3

response cross-references their damages contentions.[10] On April 8, 2026, the defendants served their responsive damages contentions under Patent Local Rule 3-9.[11] The contentions identify eleven technically comparable licenses, provide an explanation for technical comparability, and identify "exemplary" patents that support technical comparability.[12]

Fact discovery is ongoing. The defendants will depose Jesse D. Beeson, an inventor of the Asserted Patents and principal of HellaStorm, in his Rule 30(b)(1) capacity in July 2026. The parties have agreed that, if the plaintiffs designate Mr. Beeson as their corporate representative, Mr. Beeson will sit for his Rule 30(b)(6) deposition separately.[13]

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

---

[10] Resp. to Interrog. No. 12, Ex. B to Disc. Letter Br. – ECF No. 236-2 at 5.

[11] Defs.' Responsive Damages Contentions, Ex. A to Defosse Decl. – ECF No. 238-2 at 76.

[12] *Id.* at 61–67.

[13] Disc. Letter Br. – ECF No. 239 at 1.

ORDER – No. 25-cv-09567-JST (LB)                4

United States District Court
Northern District of California

United States District Court
Northern District of California

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). The court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

## ANALYSIS

### 1. Source Code Production (ECF No. 234)

#### 1.1 The Parties' Arguments

The parties dispute how and where the plaintiffs should be required to produce the HellaStorm source code. The defendants seek an order requiring the plaintiffs to produce the HellaStorm source code electronically. They argue electronic production is permissible because the HellaStorm source code is no longer commercially active and does not warrant the protections provided to source code under the Protective Order.[14] In the alternative, the defendants ask the court to order the plaintiffs to make the source code available for inspection in this district.[15]

In response, the plaintiffs argue that the plain language of the Protective Order controls. They assert that they have complied with the Order's requirements for source code: they have made the HellaStorm source code available for inspection at a "stand-alone" computer at the office of their outside counsel in Washington, D.C.[16]

---

[14] Disc. Letter Br. – ECF No. 234 at 1–3.

[15] *Id.* at 3.

[16] *Id.* at 3–5.

### 1.2    Analysis

The Protective Order governs this dispute and quickly resolves it. Section 11(l) of the Order expressly prohibits the electronic transmission of source-code material over any type of network, except for the purposes of depositions and court proceedings.[17] Section 11(a) requires source code to be produced for inspection "only in a secure room on a 'stand-alone' non-networked computer(s)" located "at an office of the producing Party's outside counsel or its vendors within the United States."[18] The parties agreed to these terms. The defendants cannot unilaterally rewrite the Order to allow for electronic production of source code when such production is expressly prohibited under the Order's plain language.

The defendants argue that the HellaStorm source code should not be afforded the protection provided under the Protective Order because it is "not commercially active, was developed by a now-defunct entity, and is not even operational."[19] The Protective Order does not discriminate between operational and defunct source code. Its only inquiry is whether the material a party seeks protection over is "computer source code."[20] The HellaStorm source code clears that threshold.

The defendants' alternative request — that the court order the plaintiffs to make the source code available for inspection in this District — also finds no support in the Protective Order. The Order requires that source code be made available on a "stand-alone non-networked computer(s)" located "at an office of the producing Party's outside counsel . . . within the United States."[21] Nothing in the Order ties the site of inspection to the venue of the case or the location of the receiving party's counsel. The plaintiffs have complied with the Protective Order by making the source code available for inspection in D.C., where their outside counsel maintains an office and the attorney with primary responsibility over the code is based.[22] No more is required.

---

[17] Protective Order – ECF No. 94 at 8 (§ 11(l)).

[18] *Id.* at 6 (§ 11(a)).

[19] Disc. Letter Br. – ECF No. 234 at 2.

[20] Protective Order – ECF No. 94 at 5 (§ 8).

[21] *Id.* at 6 (§ 11(a)).

[22] Disc. Letter Br. – ECF No. 234 at 5.

ORDER – No. 25-cv-09567-JST (LB)                6

Finally, the defendants have made no showing that they will be unduly burdened by having to inspect the source code in D.C.; they have already inspected the code there once.[23]

The defendants' request that the plaintiffs electronically produce the HellaStorm source code is denied. The Protective Order controls, and the plaintiffs have complied with its requirements for source-code production. The defendants' alternative request, that the plaintiffs make the source code available for inspection in this district, is also denied. The alternative request has no basis in the Protective Order, and the defendants do not show any resulting undue burden from inspecting the code in D.C.

### 2. Identification of Technically Comparable Patents (ECF No. 235-3)

#### 2.1    The Parties' Arguments

The plaintiffs move to compel the defendants to, before the close of fact discovery, identify the specific patents they contend are technically comparable to the Asserted Patents.[24] The plaintiffs argue they need to know this information to pursue relevant discovery, including (1) the significance of the relevant patents to the defendants' business, (2) whether the patents were value drivers for the relevant license, (3) whether the patents were implicated in pending or threatened litigation, and (4) what information the parties to the relevant license exchanged.[25]

The defendants respond that the plaintiffs improperly seek early disclosure of expert opinions regarding technical comparability. The defendants assert that their responsive damages contentions under Patent Local Rule 3-9 are sufficient; the contentions identify eleven comparable patent licenses, provide a good-faith explanation of why those licenses are technically comparable, and point out exemplary patents supporting technical comparability.[26] They argue that the plaintiffs' request improperly calls for an exhaustive list of the patents that the defendants' experts

---

[23] *Id.*

[24] Disc. Letter Br. – ECF No. 235-3 at 1.

[25] *Id.* at 1–2.

[26] *Id.* at 1, 3.

will rely on to support their opinions on technical comparability, "cross[ing] the line between seeking Defendants' contentions and seeking disclosure of Defendants' expert opinions."[27]

### 2.2   Analysis

Patent Local Rule 3-9 requires a party denying infringement to serve responsive damages contentions that "disclose in good faith material facts of which it is aware that are relevant to a category of damages disclosed under Rule 3-8." Comparable patent licenses are relevant evidence to calculating the reasonable royalty rate resulting from the hypothetical negotiation. *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372 (Fed. Cir. 2020).

"Whether a particular patent license is comparable to one that might be taken in a hypothetical negotiation is considered to be a matter of expert opinion." *Qualcomm Inc. v. Apple Inc.*, No. 17-cv-02398-DMS (MDD), 2018 WL 5829940, at *2 (S.D. Cal. Nov. 7, 2018). A party is not required to disclose its expert opinions during fact discovery, but it must disclose the facts underlying its damages theories, including the facts that its expert may rely on to form her opinions. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1371 (Fed. Cir. 2021); *Roberts v. Heim*, 130 F.R.D. 424, 427–28 (N.D. Cal. 1989) (information that "can only be provided by resort to Plaintiffs' experts" must be ascertained through expert discovery).

The defendants have provided adequate disclosures in their responsive damages contentions. The contentions specifically identify eleven patent licenses, provide a good-faith explanation of why these licenses are comparable, and identify exemplary patents covered by each license that support technical comparability.[28] Such disclosures satisfy Patent Local Rule 3-9 and enable the plaintiffs to conduct their intended discovery into the factual bases underlying these contentions. *MLC Intell. Prop.*, 10 F.4th at 1371. For example, the plaintiffs can use the identified licenses in depositions to explore questions related to comparability, such as which patents drove the value of a particular comparable license and the extent to which the defendants used the licensed patents.[29]

---

[27] *Id.* at 4.

[28] Defs.' Responsive Damages Contentions, Ex. A to Defosse Decl. – ECF No. 238-2 at 61–67.

[29] Disc. Letter Br. – ECF No. 235-3 at 2.

United States District Court
Northern District of California

The plaintiffs can secure answers to these factual questions without impermissibly veering into the defendants' expert opinions on technical comparability.

The plaintiffs do not cite a single case where a party was compelled to provide the discovery they seek in this motion. Some of the cases the plaintiffs rely on affirmatively support that the defendants' contentions are sufficient. *Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 279 (N.D. Cal. 2015) (compelling identification of comparable licenses). Most of the plaintiffs' cited cases address completely different questions than the one currently before the court, such as whether a litigation settlement agreement should have been excluded at trial as unfairly prejudicial (*Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1371 (Fed. Cir. 2017)) and whether a defendant improperly advanced a new non-infringement theory for the first time in its expert's rebuttal report (*Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003 (N.D. Cal. 2019)). Here, the defendants have put forth their damages theories and provided the underlying "material facts" — the eleven comparable license agreements — supporting them. The plaintiffs have not shown that any more is required for responsive damages contentions under Patent Local Rule 3-9.

The plaintiffs' motion to compel is denied. The defendants are not required to identify the technically comparable patents on which they intend to rely before the close of fact discovery and ahead of their opening expert reports.

### 3. Plaintiffs' Identification of Documents Supporting Damages Contentions (ECF. No. 236)

#### 3.1 The Parties' Arguments

The defendants seek an order compelling the plaintiffs to identify the documents supporting their damages theories and response to Interrogatory No. 12.

The defendants argue that the plaintiffs' damages contentions are inadequate under Patent Local Rule 3-8. They assert that the contentions identify multiple damages theories, but only disclose categories of "exemplary evidence" that is "potentially relevant" to those theories. They also object to the plaintiffs' response to Interrogatory No. 12 — a contention interrogatory

directed at the plaintiffs' damages methodology and computation — for the same reasons because the response incorporates their damages contentions by reference.[30]

In response, the plaintiffs argue that their contentions satisfy Patent Local Rule 3-8 because they "provide a detailed explanation of Plaintiffs' damages theories" and identify "dozens of documents" in support of their theories. The plaintiffs also assert that nothing in the local rules requires them to provide a conclusive list identifying all documents they will rely on in support of their damages theories at trial.[31]

### 3.2 Analysis

Damages contentions are governed by Patent Local Rule 3-8. Patent Local Rule 3-8 requires a patent owner to (1) identify each category of damages it seeks and (2) for each category of damages, "provide a good faith explanation of the theory of damages and the factual basis for damages." The rule's "factual basis" requirement demands that the patent owner "identify the known facts" supporting its damages theories. *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK (SVK), 2017 WL 5525929, at *2 (N.D. Cal. Nov. 17, 2017). Patent Local Rule 3-8 does "not require identification of every evidentiary item of proof, but the contentions must provide reasonable notice why the disclosing party believes it has a reasonable chance of proving its theory at trial." *MasterObjects, Inc. v. Meta Platforms, Inc.*, No. C 21-05428 WHA, 2022 WL 4856269, at *1 (N.D. Cal. Oct. 3, 2022).

The plaintiffs' damages contentions do not satisfy the requirements of Patent Local Rule 3-8. The plaintiffs' contentions only identify categories of "exemplary evidence" that are "potentially relevant" to their theories, while reserving the right to rely on unidentified documents.[32] For some theories, the plaintiffs identify specific documents by Bates number, but these documents too are described as "exemplary."[33] As served, these contentions fall short of providing the defendants with "reasonable notice" of the factual basis for the plaintiffs' damages theories. *Id.*; N.D. Cal.

---

[30] Disc. Letter Br. – ECF No. 236 at 1–2.

[31] *Id.* at 3.

[32] Pls.' Prelim. Damages Contentions, Ex. A to Disc. Letter Br. – ECF No. 236-1 at 3, 20.

[33] *See, e.g.*, *id.* at 19.

United States District Court
Northern District of California

Pat. L.R. 3-8. The contentions do not disclose the "known facts" supporting the plaintiffs' damages theories, but instead identify potential evidence that may — or may not — be relied on by the plaintiffs or their experts. *Twilio*, 2017 WL 5525929, at *2. This is not proper disclosure under Patent Local Rule 3-8. *Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1234 (N.D. Cal. 2019) ("[T]his type of inferential guesswork is precisely what damages contentions are intended to avoid.").

Nevertheless, as the plaintiffs assert, nothing in Patent Local Rule 3-8 requires a party to identify all documents on which they or their experts will rely on in support of their damages claims.[34] Patent Local Rule 3-8 only requires identification of "known facts" supporting a party's damages theories. *Twilio*, 2017 WL 5525929, at *2. The rule "does not require certainty," and it has a built-in expectation that "there is discovery — perhaps significant discovery — still to be conducted." *Id.* at *2–3. Fact discovery is ongoing, and the defendants have yet to complete their own productions.[35] At this stage in the case, it would be premature (and inconsistent with Patent Local Rule 3-8) to require the plaintiffs to conclusively identify all evidence they will rely on in support of their damages theories at trial.

The defendants' request is granted in part. The plaintiffs must supplement their damages contentions to identify the currently-known documents they intend to rely on in support of each of their damages theories. After supplementing their contentions, the plaintiffs must also supplement their response to Interrogatory No. 12. However, the plaintiffs are not required to provide a conclusive list of all documents they intend to rely on in support of their damages claims.

## 4.  Additional Deposition Time for 30(b)(1) Witness (ECF No. 239)

### 4.1  The Parties' Arguments

The final discovery dispute concerns whether the defendants may depose a fact witness, Jesse D. Beeson, for a total of fourteen hours over two days in his Rule 30(b)(1) capacity. Mr. Beeson is

---

[34] Disc. Letter Br. – ECF No. 236 at 4.

[35] Email, Ex. C to Disc. Letter Br. – ECF No. 236-3 at 2 (defendants' counsel representing "[w]e . . . plan to produce further documents in the coming weeks on a rolling basis as they are located.").

an inventor of all five of the Asserted Patents, the principal of HellaStorm, and the plaintiffs' corporate representative. The parties have already agreed that, if the plaintiffs elect Mr. Beeson as their corporate representative, Mr. Beeson will sit for separate Rule 30(b)(1) and Rule 30(b)(6) depositions in July 2026.[36]

Defendants argue good cause exists for their request because Mr. Beeson has personal knowledge of "key events" covering an eight-year span and is "expected to be examined on at least dozens of documents."[37] The plaintiffs respond that there is no good cause for the extension because the defendants have yet to exhaust the initial seven hours of deposition time provided under Rule 30(d)(1).[38] The plaintiffs also represent that they will stipulate to additional time for Mr. Beeson's Rule 30(b)(1) deposition if, after the defendants complete the initial seven hours allotted under Rule 30(d)(1), the parties agree that additional time is warranted.[39]

### 4.2    Analysis

Rule 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours," and directs the court to "allow additional time . . . if needed to fairly examine the deponent" or if another condition impedes the examination. The court has wide discretion in managing discovery. *Garcia v. Experian Info. Sols., Inc.*, No. 23-cv-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024).

"A party seeking a court order to extend the examination must show good cause to justify such an order." *Pratt v. Archstone Willow Glen Apartments*, No. C08-3588 JF (RS), 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) (cleaned up). "Considerations relevant to granting an extension include events occurring over a long period of time, the need fully to explore the theories upon which the witness relies, or, in multi-party cases, the need for each party to examine the witness with the understanding that duplicative questioning is to be avoided." *Id.* (cleaned up). Whether

---

[36] Disc. Letter Br. – ECF No. 239 at 1.

[37] *Id.*

[38] *Id.* at 3.

[39] *Id.* at 5.

United States District Court
Northern District of California

the witness will be questioned about numerous or lengthy documents is also relevant. Fed. R. Civ. P. 30 Advisory Committee Notes (2000 Amendment).

Mr. Beeson is a "key percipient witness" on central issues in the case.[40] The plaintiffs do not dispute that Mr. Beeson is an inventor on all of the Asserted Patents, played a central role at HellaStorm, and has personal knowledge of relevant events spanning an eight-year period.[41] But these facts do not justify granting additional time in advance of the deposition; they simply show that Mr. Beeson is the sort of archetypal fact witness regularly deposed in patent-infringement disputes. And though the defendants identify multiple topics they intend to depose Mr. Beeson on in his personal capacity — including non-obviousness, meetings between himself and AMD, and similarities between the defendants' products and the plaintiffs' patented technology — they only expect to examine Mr. Beeson on "dozens" of documents.[42] This is far from the voluminous amount of documents that courts have found warrant granting additional deposition time in advance of the deposition. *In re Intel Corp. Microprocessor Antitrust Litig.*, No. CIV. A. 05-441-JJF, 2008 WL 5377979, at *2–3 (D. Del. Dec. 18, 2008) (granting additional time for Rule 30(b)(1) depositions where each deponent personally authored "thousands of documents" over an eight-year period that were directly relevant to the plaintiff's antitrust claims).

The defendants rely on cases where additional deposition time was granted to establish good cause for their request. Several of the cases are not on point because they ordered additional time only after the deposing party exhausted the initial seven-hour limit. *Dow Chem. Co. v. Reinhard*, No. 07-12012-BC, 2008 WL 1735295, at *4 (E.D. Mich. Apr. 14, 2008); *Schoonmaker v. City of Eureka*, No. 17-CV-06749-VC (RMI), 2018 WL 4896177, at *3 (N.D. Cal. Oct. 9, 2018); *Lassiter v. Hidalgo Med. Servs.*, No. 17-CV-0850 JCH/SMV, 2018 WL 3377707, at *2 (D.N.M. July 11, 2018). The defendants' remaining cases are distinguishable.

---

[40] *Id.* at 2.

[41] *Id.* at 1.

[42] *Id.*

*In re Telexfree Securities Litigation* concerned a request for additional time to depose an expert witness, which Mr. Beeson is not.[43] No. 4:14-MD-2566-NMG, 2024 WL 2306195, *2 (D. Mass. May 21, 2024). The court in *Universal Entertainment Corp. v. Aruze Gaming America, Inc.* granted an advanced request for additional time in part because the deponents were non-English speakers and the translated depositions would move at a slower pace. No. 218CV00585RFBNJK, 2022 WL 17362676, at *2 (D. Nev. Nov. 30, 2022). There are no similar issues here. And in *S.E.C. v. Schroeder*, the court hesitantly granted an advanced extension request based on the defendant's representation that the deponent was "the single most important witness in this complex case." No. C07-03798 JW (HRL), 2009 WL 3320417, at *2 (N.D. Cal. Oct. 13, 2009). Even then, the *Schroeder* court granted only an additional three hours of deposition time, declining the defendant's original request of two seven-hour days. *Id.*

The most analogous cases relied on by the defendants are *Gemedy, Inc. v. Carlyle Group. Inc., C.A.*, No. 23-157-CFC-SRF (D. Del.) and *NexStep, Inc. v. Comcast Cable Communications, LLC, C.A.*, No. 19-1031-RGA-SRF (D. Del.). Both *Gemedy* and *NexStep* concerned Rule 30(b)(1) depositions of fact witnesses who had created the intellectual property at issue. But these cases, too, are distinguishable. The hearing transcript in *NexStep* shows that the parties reached agreement on the record for a fourteen-hour deposition of the inventor of all nine asserted patents and the founder of the plaintiff company; the court entered that agreement without further analysis.[44] This is distinct from the current dispute, where the parties have been unable to stipulate to the length of Mr. Beeson's Rule 30(b)(1) deposition.

And the *Gemedy* court permitted the defendants to depose a fact witness — who had "created all 643 trade secrets at issue over the course of almost eight years, authored all the relevant documents and code, and [was] the only witness designated to testify on Defendants' 30(b)(6) topics" — for three days of *combined* Rule 30(b)(1) and 30(b)(6) testimony.[45] Here, the

---

[43] *Id.* at 4.

[44] Tr., No. 19-1031-RGA-SRF – ECF No. 25 at 18:23–22:13.

[45] Order, No. 23-157-CFC-SRF, ECF No. 224 at 3 (cleaned up).

United States District Court
Northern District of California

United States District Court
Northern District of California

defendants' request for additional time is limited to Mr. Beeson's Rule 30(b)(1) deposition. Even so, the defendants do not otherwise show that Mr. Beeson's Rule 30(b)(1) deposition is of the same breadth as that contemplated in *Gemedy*. For example, the defendants do not claim that Mr. Beeson personally authored or is otherwise on "all" relevant documents. Their contention that they have identified "hundreds of pages of documents" relevant to the topics they seek to depose Mr. Beeson on is not comparable.[46]

On this record, the defendants' request to depose Mr. Beeson for a total of fourteen hours in his personal capacity is denied without prejudice. If, after deposing Mr. Beeson for the default seven hours under Rule 30(d)(1), the defendants believe there is good cause to request additional time, the parties are ordered to meet and confer regarding a tailored amount of additional deposition time. If the parties are unable to reach agreement, the defendants may renew their request for additional time with the court.

### 5. Meet-and-Confer Attestations

Finally, in all four of the letter briefs before the court, the parties' meet-and-confer attestations show that the parties disagree on who is lead trial counsel for the plaintiffs.[47] The court declines to adjudicate this issue, which has not been briefed. However, the parties are reminded that, pursuant to Paragraph 2.2 of this court's standing order, lead trial counsel for both parties must participate in any meet-and-confer concerning discovery disputes brought before the court via letter brief.[48]

### CONCLUSION

This resolves ECF Nos. 234, 235-3, 236, and 239.

**IT IS SO ORDERED.**

---

[46] *Id.* at 3.

[47] *See, e.g.*, ECF No. 234 at 6.

[48] Standing Order for Magistrate Judge Laurel Beeler at 3 (¶ 2.2).

Dated: June 30, 2026

LAUREL BEELER
United States Magistrate Judge