United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CONCURRENT VENTURES, LLC, et al.,

Plaintiffs,

v.

ADVANCED MICRO DEVICES INC., et al.,

Defendants.

Case No. 25-cv-09567-JST (LB)

**DISCOVERY ORDER**

Re: ECF No. 278

**INTRODUCTION**

This is a patent-infringement case about data-processing units used in storage, networking, and artificial-intelligence infrastructure. The plaintiffs assert five patents against at least twelve accused products and characterize the case as one likely worth nine figures.[1] The defendants moved to quash the plaintiffs' Rule 30(b)(6) deposition, which has 130 separately numbered topics. The defendants ask for a revised notice with no more than 55 topics stated with reasonable particularity.[2] The plaintiffs respond that the motion is largely not ripe because the parties are still narrowing the topics, the defendants have not made the particularized showing of burden that Rule

[1] First Am. Compl. (FAC) – ECF No. 142 at 18 (¶ 47), 55–72 (¶¶ 56–124); Disc. Letter Br. – ECF No. 278 at 1–2, 4. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 278 at 1.

26(c) requires, and no authority caps the number of Rule 30(b)(6) topics. They ask for an order requiring the defendants to designate their corporate designees and topic designations within three days so that the parties can schedule the remaining depositions before fact discovery closes.[3]

The court does not quash the notice or impose a numerical cap: the number of topics, standing alone, is not good cause for a protective order, and the defendants' own topic-by-topic response identifying the 90 topics that are unobjectionable or workable cuts against their contention that no reasonable preparation is possible. But four categories of topics exceed Rule 30(b)(6)'s reasonable particularity requirement and Rule 26(b)'s proportionality limit: (1) catchall topics that sweep in every aspect of the case; (2) contention topics on issues reserved for expert discovery; (3) topics that would require a designee to memorize source code and document-level detail; and (4) discovery-on-discovery topics. The court strikes or limits these categories, orders the plaintiffs to serve a revised notice within three days, sets a short schedule to complete the meet-and-confer process and — granting the plaintiff's cross-request — directs the defendants to identify their designees and topic designations three days after service of the revised notice.

## STATEMENT

The plaintiffs served the Rule 30(b)(6) notice on June 29, 2026.[4] On July 8, the defendants objected that the notice's 130 topics made witness preparation impossible and gave examples of topics they viewed as improper.[5] In the meet and confer that followed, the plaintiffs maintained

[3] *Id.* at 5. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

[4] Disc. Letter Br. – ECF No. 278 at 1; Rule 30(b)(6) Notice, Ex. A – ECF No. 278-1. Categories of topics include the design, development, operation, and use of the Accused Products (Topics 1, 5–22, 27, 37–41, 48, 60, 62, 63, 91); technical differences between the Accused Products; source code for the Accused Products (Topics 4, 23, 24); the defendants' relationships with certain third parties (Topics 29–33); the marketing for the Accused Products, including communications the defendants have had with actual or potential customers (Topics 43–44, 64); the defendants' financial accounting systems (Topics 69, 71–76); the license agreements the defendants have entered into in connection with the Accused Products (Topics 97, 100, 102, 104, 106); the defendants' contentions on technical comparability, prior art invalidity, noninfringement, and non-infringing alternatives (Topics 108, 112, 120, 121); the defendants' document collection efforts (Topic 129); and the "factual basis" for the defendants' intended defenses at trial (Topic 122). Disc. Letter Br. – ECF No. 278 at 1–2.

[5] Disc. Letter Br. – ECF No. 278 at 2; Defs.' 7/8/2026 Letter, Ex. B – ECF No. 278-2 at 3–9.

that the notice was appropriate, said they might consolidate topics, and responded to a request for a counterproposal that their notice was the proposal.[6]

On July 31, 2026, the court set deposition limits, including a seventy-hour limit on the plaintiffs' depositions, and denied the plaintiffs' request for additional depositions as cumulative of other depositions, "particularly given the breadth of the intended Rule 30(b)(6) deposition."[7]

On August 6, 2026, the defendants identified forty-five topics that were not objectionable, proposed narrowing forty-five more, and proposed eliminating forty. They asked the plaintiffs to select a reasonable number from the resulting ninety topics.[8] On August 11, 2026, the plaintiffs dropped three topics (Topics 96, 105, and 130) and narrowed three, leaving 127 topics in play.[9]

The parties met and conferred twice in the week preceding their filing of the discovery dispute.[10] Both sides say negotiations continue.[11] Fact discovery closes on August 27, 2026.[12]

## LEGAL STANDARDS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

---

[6] Pls.' 7/9/2026 Resp., Ex. C – ECF No. 278-3 at 6, 8.

[7] Order – ECF No. 262 at 9; Disc. Letter Br. – ECF No. 278 at 4–5.

[8] Disc. Letter Br. – ECF No. 278 at 3; Defs.' 8/6/2026 Letter, Ex. D – ECF No. 278-4 at 2–8 (topic-by-topic objections).

[9] Disc. Letter Br. – ECF No. 278 at 3; Pls.' 8/11/2026 Letter, Ex. H – ECF No. 278-8 at 2–6.

[10] 8/6/2026, Meet and Confer Tr., Ex. E – ECF No. 278-5; 8/7/2026, Meet and Confer Tr., Ex. F – ECF No. 278-6.

[11] The plaintiffs contend that the dispute is not ripe for adjudication because the parties are "actively conferring as to the disputed issues." Disc. Letter Br. – ECF No. 278 at 3. The dispute is ripe at least for this preliminary assessment, given the multiple meetings, correspondence, and failure to reach agreement. *See* Emails, Ex. L – ECF No. 278-12 at 2–5 (summarizing history of the dispute). The joint letter does not address all disputes, the parties resolved several objections in the week before filing, and the court cannot address 130 topics on this briefing. But the structural dispute — whether the notice must be quashed or capped — is concrete: the plaintiffs told the defendants that "our notice is the proposal" and confirmed that they will not materially change its scope. Disc. Letter Br. – ECF No. 278 at 3. And with fact discovery closing in weeks, deferring the framework questions would decide them by default. The court resolves them now.

[12] Order – ECF No. 231 at 2.

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). The court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

Upon the noticing of a corporation's deposition, it must designate one or more witnesses who are knowledgeable on the noticed topic to testify on its behalf. Fed. R. Civ. P. 30(b)(6); *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). A Rule 30(b)(6) notice must describe the matters for examination "with reasonable particularity." Fed. R. Civ. P. 30(b)(6). While a corporation must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter," the rule does not extend to "burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple*, 2012 WL 1511901, at *2. Courts in this circuit have recognized that the task of preparing a Rule 30(b)(6) witness "becomes less

realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Id.*; *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016); *Reno v. W. Cab Co.*, No. 218CV00840APGNJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020); *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023). Where the "burden, expense," or "impracticable demand imposed" by a Rule 30(b)(6) notice outweighs its likely benefit, the court may issue a protective order. *Apple*, 2012 WL 1511901, at *2; Fed. R. Civ. P. 26(c)(1).

**ANALYSIS**

The defendants have not shown good cause to quash the notice outright or to cap a revised notice at 55 topics. Their lead argument is that 130 topics is too many. But their cases do not tie the appropriateness of topics to a number. *Apple* struck a notice because its topics were facially overbroad — demanding testimony on "all facts and circumstances" surrounding the issues in the case — not because the notice crossed a numerical line. 2012 WL 1511901, at *2 & n.6. *HVI Cat Canyon* and *Alvarado-Herrera* found particular notices excessive relative to the needs of comparatively simple cases — an oil-and-gas enforcement action and an uninsured-motorist dispute — and *Reno* is to the same effect in a wage case. *HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *2, *7–8; *Alvarado-Herrera*, 344 F.R.D. at 109–10; *Reno*, 2020 WL 5902318, at *2. None fixes a ceiling, and this five-patent case about technical products sits at the other end of the complexity spectrum. *British Telecommunications* is the closer analogue: a 134-topic notice in a patent case survived a protective-order motion because the topic count reflected specificity, not sprawl. *Brit. Telecomms. PLC v. IAC/Interactivecorp*, No. CV 18-366-WCB, 2020 WL 1043974, at *2 (D. Del. Mar. 4, 2020).

Two case-specific facts confirm the conclusion. First, the defendants' own topic-by-topic response identifies 90 topics — 45 unobjectionable outright and 45 workable as narrowed — which undercuts the premise that preparation is impossible and shows that conferral, not wholesale relief, is the right tool.[13] Second, the court's July 31 order denied the plaintiffs additional fact depositions

[13] Disc. Letter Br. – ECF No. 278 at 3 (citing Defs.' 8/6/2026 Letter, Ex. D – ECF No. 278-4 at 2–8).



United States District Court
Northern District of California

in part because of "the breadth of [the] intended Rule 30(b)(6) deposition."[14] Having benefited from the breadth of the intended deposition then, the defendants cannot obtain an order quashing it wholesale now; that would leave the plaintiffs without discovery that the July 31 order assumed they would get. The 55-topic cap fares no better: the number has no anchor in the record, and a cap would trade one assertedly arbitrary metric (130) for another (55). The requests to quash the notice and to cap a revised notice at 55 topics are denied.

But four categories of topics exceed the rule's limits.[15]

**1. Catch-all Topics**

Topics that demand testimony on every aspect of the accused products, the case, or the defendants' business — including Topics 1 and 37, which the defendants describe as catch-alls confirming the notice's full scope, and Topic 125, which seeks testimony about every communication with any third party concerning this litigation (a formulation that also sweeps in privileged material) — do not describe the matters for examination with reasonable particularity. They are the "all facts and circumstances" topics that *Apple* condemned. 2012 WL 1511901, at *2 & n.6. Those topics are stricken. The plaintiffs may serve particularized replacements; they may not serve catch-alls.

**2. Contention and Expert Topics**

Topics 108, 112, 120, and 121 seek the defendants' contentions on the technical comparability of licensed patents, prior-art invalidity, noninfringement, and non-infringing alternatives. Those are quintessential expert subjects: a lay designee cannot fairly be prepared to bind the corporation on them, and the examination would devolve into cross-examination on legal theories. Contention interrogatories and expert discovery are the right vehicles. *E.g.*, *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286–87 (N.D. Cal. 1991). Topic 122 — the "factual basis"

---

[14] Order – ECF No. 262 at 9.

[15] This order is based on the parties' characterizations of the topics in the joint letter, Disc. Letter Br. – ECF No. 278 at 1–3, not on a topic-by-topic review of the notice.

for the defenses the defendants intend to raise at trial — is duplicative of contention interrogatories and disproportionate given the parties' deposition-hour limits. These topics are stricken without prejudice to contention interrogatories and to expert discovery in the ordinary course.

**3. Memorization Topics**

A designee testifies to the organization's knowledge. Fed. R. Civ. P. 30(b)(6). The rule does not require a witness to memorize documents or data. Testimony about how identified source code operates — its structure, function, and role in the accused features — is a proper subject of examination. Testimony that would require recall of tens of millions of lines of code, every price ever charged, every term of every license, or the contents of every financial document produced is not. Topics 4, 23, and 24 (source code), Topics 69 and 71–76 (financial systems and documents), and Topics 97, 100, 102, 104, and 106 (license terms) are limited accordingly: examination may address structure, function, policies, practices, and the categories of information the defendants maintain and may address specific documents only if the plaintiffs identify them reasonably in advance of the deposition. The parties must confer on an exhibit-identification protocol.

**4. Discovery-process Topics**

Topics 128 and 129 seek testimony about the defendants' document repositories and their efforts to collect documents

"As a general matter, discovery of another party's evidence preservation and collection efforts — or 'discovery on discovery' — is disfavored, as such discovery is typically not relevant to the merits of a claim or defense, and is rarely proportional to the needs of a case." *Taylor v. Google LLC*, No. 20-CV-07956-VKD, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024). Such discovery may be warranted "if the party requesting it demonstrates that there is a specific deficiency in the other party's production of documents or other information," but "mere speculation" is insufficient. *Id.* (cleaned up).

*Taylor* supports the conclusion that discovery about discovery requires a threshold showing — a concrete reason to doubt the adequacy of the responding party's process. *Id.* The plaintiffs have made none. Those topics are stricken without prejudice to a renewed, particularized request if a specific deficiency emerges.

**5. Completion Schedule and Designee Identification**

Within three days of this order, the plaintiffs must serve a revised notice conforming to this order. They may combine or reorganize topics but may not expand the existing notice's substantive scope. Within seven days of this order, the parties must complete their meet-and-confer on any remaining objections and raise any issues in joint letters, limited to five pages per issue plus a topic-by-topic chart stating each side's position in one or two sentences per topic.

Within three days after service of the revised notice, the defendants must identify their designees and topic designations for all topics to which they do not object. The plaintiffs' scheduling point is fair: they cannot allocate their 70 hours without knowing who will testify and about what, and the defendants identify no burden in disclosing designations they must make anyway.[16] The parties must cooperate to complete the Rule 30(b)(6) deposition and the remaining Rule 30(b)(1) depositions within the fact-discovery period. Nothing in this order alters the limits in the July 31 order.[17]

**CONCLUSION**

This resolves ECF No. 278.

**IT IS SO ORDERED.**

Dated: August 19, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

[16] Disc. Letter Br. – ECF No. 278 at 5.

[17] Order – ECF No. 262.