UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CONCURRENT VENTURES, LLC, et al.,

Plaintiffs,

v.

ADVANCED MICRO DEVICES, INC., et al.,

Defendants.

Case No. 25-cv-09567-JST (LB)

**DISCOVERY ORDER**

Re: ECF No. 288

**INTRODUCTION**

This is a patent-infringement case about data-processing units used in storage, networking, and artificial-intelligence infrastructure. The plaintiffs assert five patents against at least twelve accused products and characterize the case as one likely worth nine figures.[1]

The parties have another dispute about the plaintiffs' Rule 30(b)(6) notice.[2] The defendants ask the court to strike ten topics from the plaintiffs' amended Rule 30(b)(6) notice.[3] They contend that the topics are improper and violate the court's previous guidance on the plaintiffs' original

[1] First Am. Compl. (FAC) – ECF No. 142 at 18 (¶ 47), 55–72 (¶¶ 56–124). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 288; *see also* Order – ECF No. 280 (addressing prior dispute on the plaintiffs' Rule 30(b)(6) notice).

[3] Disc. Letter Br. – ECF No. 288 at 1–3.

Rule 30(b)(6) notice: they contend the topics are overbroad catch-alls (Topics 2 and 39), demand legal contentions and expert opinions (Topics 34, 38, 87, 108, 111, and 126), require an unduly burdensome amount of memorization (Topic 107), and seek impermissible discovery-on-discovery (Topic 74).[4]

The plaintiffs oppose the request. They contend that the challenged topics are stated with reasonable particularity, seek testimony on underlying facts rather than legal contentions and expert opinions, and are justified by specific deficiencies in the defendants' production.[5]

The defendants' motion is granted in part and denied in part. The only topic stricken is Topic 2, which fails on grounds of both Rule 26 proportionality and Rule 30(b)(6) particularity. The court narrows Topics 39, 74, 87, 108, and 111 as provided below, and the remaining three topics (Topics 34, 38, and 126) stand as served.

## STATEMENT

The court incorporates by reference its previous order on the parties' Rule 30(b)(6) dispute, which summarizes the relevant background and conferral history preceding the plaintiffs' amended Rule 30(b)(6) notice at issue here.[6]

In its August 19, 2026, discovery order, the court declined to quash the plaintiffs' original 130-topic Rule 30(b)(6) notice or to impose a numerical cap. The court held that four categories of topics exceeded Rule 30(b)(6)'s reasonable particularity requirement and Rule 26(b)'s proportionality limit. It struck or limited the categories as follows: (1) catch-all topics that sweep in every aspect of the case (stricken); (2) contention topics on issues reserved for expert discovery (stricken); (3) topics that would require a designee to memorize source code and document-level detail (limited to structure, function, policies, practices, and categories of information maintained); and (4) discovery-on-discovery topics (stricken without prejudice to a renewed request upon a showing of specific deficiency in the defendants' production).[7]

---

[4] *Id.* at 1–3.

[5] *Id.* at 3–5.

[6] Order – ECF No. 280.

[7] *Id.* at 2, 6–8.

United States District Court
Northern District of California

The plaintiffs served an amended Rule 30(b)(6) notice with 115 topics on August 21, 2026.[8] The parties met and conferred on August 26, 2026, and filed the discovery letter brief that day.[9]

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). The court must limit discovery that is "unreasonably cumulative or duplicative," obtainable from a less burdensome source, or where the burden "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

---

[8] Ex. B to Disc. Letter Br. – ECF No. 288-2 at 2–29.

[9] Disc. Letter Br. – ECF No. 288 at 6.

United States District Court
Northern District of California

Upon the noticing of a corporation's deposition, it must designate one or more witnesses who are knowledgeable on the noticed topic to testify on its behalf. Fed. R. Civ. P. 30(b)(6); *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK (PSG), 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012). A Rule 30(b)(6) notice must describe the matters for examination "with reasonable particularity." Fed. R. Civ. P. 30(b)(6). While a corporation must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter," the rule does not extend to "burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple*, 2012 WL 1511901, at *2.

## ANALYSIS

### 1. Topics 2 and 39

The defendants argue that Topics 2 and 39 are improper because they demand, in effect, "all facts and circumstances" of broadly-stated subjects.[10] The court addresses each topic in turn.

#### 1.1 Topic 2

Topic 2 seeks testimony on every "product" or "design" that the defendants did not implement in connection with the Accused Products "as relevant to" an unidentified fifteen features of the Asserted Patents.[11] The defendants argue the topic is an impermissible catch-all that does not clarify the information it seeks: it does not identify the "fifteen features" it seeks to question the witness on, and it pulls in over a decade of rejected designs considered by hundreds of engineers.[12] The plaintiffs argue that the topic is sufficiently particular because the fifteen features will be identified (five business days before the deposition), and the designated witness need only "educate themselves on any alternative designs that were considered for the identified features" in that five-day window.[13]

---

[10] *Id.* at 1.

[11] Summary Chart, Ex. A to *id.* – ECF No. 288-1 at 2.

[12] Disc. Letter Br. – ECF No. 288 at 1.

[13] *Id.* at 3.

The court agrees with the defendants and strikes Topic 2. The topic does not identify the matters for examination: it is based on "fifteen features" that are not identified in any way, and the plaintiffs represent that they will not identify the features until "five business days before the deposition."[14] That representation does not meet Rule 30(b)(6)'s particularity requirement, and it is facially unreasonable; it precludes the defendants from adequately preparing the witness to provide testimony up until a few days before the deposition. And even if Topic 2 were to identify the "fifteen features," the topic still would not identify the rough contours of the matters for examination: the topic vaguely requests testimony on every "product" or "design" that the defendants did not implement, a potentially vast universe without any set bounds for questioning. Topic 2 lacks particularity and is facially unreasonable. It is stricken as a result.

**1.2 Topic 39**

Topic 39 seeks testimony on "[y]our role, actions, and communications related to designing, configuring, setting up, programming, and/or operating the Accused Products" and systems, networks, or architectures in which the Accused Products are used or implemented.[15] The defendants argue that the topic is an improper catch-all seeking "every" action and communication related to the Accused Products, such that it "effectively seeks testimony on 'everything related to any implementation of the Accused Products."[16] The plaintiffs argue that Topic 39 does not require the breadth of testimony the defendants claim, and that the defendants' "small number of customers" for the Accused Products minimizes any burden in preparing a witness on the topic.[17]

As written, Topic 39 is overbroad and suffers from the same lack of particularity that condemned similar catch-all topics in the plaintiffs' first Rule 30(b)(6) notice.[18] But how the plaintiffs describe the topic in the letter brief is narrower; they contend that the topic concerns only

---

[14] Summary Chart, Ex. A to *id.* – ECF No. 288-1 at 2.

[15] *Id.* at 3.

[16] Disc. Letter Br. – ECF No. 288 at 1.

[17] *Id.* at 4.

[18] Order – ECF No. 280 at 6.

United States District Court
Northern District of California

the defendants' "involvement in configuring the Accused Products for their customers."[19] The court therefore limits the topic by adopting the plaintiffs' characterization of it: Topic 39 may seek testimony on the defendants' role, actions, and communications related to configuring, setting up, or supporting the Accused Products for their customers.

**2. Topics 34, 38, 87, 108, 111, and 126**

The defendants argue that Topics 34, 38, 87, 108, 111, and 126 demand testimony on legal contentions and expert matters, which are not proper subjects for a Rule 30(b)(6) deposition.[20] The courts addresses each topic separately.

**2.1 Topic 34**

Topic 34 seeks testimony on the "facts known" to the defendants concerning the operation, design, architecture, and use of the Elba DPU relevant to the defendants' mapping of the product to U.S. Patent Nos. 11,489,773 and 11,907,751.[21] The defendants argue that the topic improperly seeks information that they have already provided in response to the plaintiffs' contention interrogatories, and that the application of patent claims to products is a matter for expert testimony.[22] The plaintiffs argue that the topic is proper because it is directed to the facts underlying the defendants' contentions and expert opinions.[23]

The court agrees with the plaintiffs. Topic 34 is specifically limited to the "facts known to Defendants"; it does not seek improper contentions or expert testimony. The topic stands.

**2.2 Topic 38**

Topic 38 seeks testimony on the "use, set-up, network design and architecture, operation, configuration, programming, or access" by third parties of the Accused Products and on the acts specifically identified by the defendants in response to Interrogatory No. 23 (which lists patent

---

[19] Disc. Letter Br. – ECF No. 288 at 4.

[20] *Id.* at 2 (citing Order – ECF No. 280 at 6–7).

[21] *Id.*

[22] *Id.*; *see also* Interrog. No. 14, Ex. C to *id.* – ECF No. 288-3 at 3–8.

[23] Disc. Letter Br. – ECF No. 288 at 2.

United States District Court
Northern District of California

claim limitations performed by third parties).[24] The defendants argue that the topic calls for assessment of the performance of patent claims by third parties, which is a matter for expert testimony.[25] The plaintiffs argue that Topic 38 is "strictly factual" and does not require an assessment of the performance of patent claims.[26]

The court again agrees with the plaintiffs. The call of Topic 38 is factual; its use of the defendants' interrogatory response serves only to tether the topic to the specific acts the plaintiffs seek testimony on, not legal or expert opinions about those acts. The topic stands as is.

**2.3 Topic 87**

Topic 87 seeks testimony concerning non-infringing alternatives to the Accused Products, including those identified in both parties' operative damages contentions.[27] The defendants argue that the topic is improper because it seeks expert opinion on non-infringing alternatives. The plaintiffs argue that the topic only seeks underlying facts. They further argue that the defendants should be required to provide testimony concerning the plaintiffs' non-infringing alternatives because the defendants have reserved the right to rely on fact testimony from their employees to challenge the plaintiffs' non-infringing alternatives.[28]

Topic 87 is improper as served for two reasons. First, it seeks expert opinion on non-infringing alternatives, which is outside the scope of proper Rule 30(b)(6) testimony. Second, it would be disproportionate and unduly burdensome to require the defendants to prepare a witness to testify on the facts known to them concerning the plaintiffs' non-infringing alternatives (which the plaintiffs have not identified).[29]

---

[24] *Id.*; Interrog. No. 23, Ex. D to *id.* – ECF No. 288-4 at 3–15.

[25] Disc. Letter Br. – ECF No. 288 at 2.

[26] *Id.* at 4.

[27] Summary Chart, Ex. A to *id.* – ECF No. 288-1 at 3–4.

[28] Disc. Letter Br. – ECF No. 288 at 4.

[29] *Id.* at 2.

The court adopts the defendants' proposed compromise for Topic 87 (as provided in Exhibit A) and narrows the topic to facts known to the defendants concerning the non-infringing alternatives identified in their own damages contentions:

> For each potential non-infringing alternative identified in Your operative damages contentions, facts known to Defendants concerning (a) how to implement the alternative, (b) the technical acceptability (or lack of acceptability) of the alternative, (c) the commercial acceptability (or lack of acceptability) of the alternative, (d) when the alternative first became available, (e) the costs for Defendants to design, develop, manufacture or implement, and maintain the alternative, and (f) how the alternative would impact customer TCO, and (g) the performance of the alternative.[30]

**2.4 Topic 108**

Topic 108 concerns the defendants' "knowledge, analysis, or opinions relating to patents included in the licenses Defendants identified as relevant to the hypothetical negotiation," including the validity, value, or significance of the patents; whether the defendants or their products practice or infringe the patents; and the nature of the benefits or functionality provided by the patents.[31]

The defendants argue that the topic seeks improper contentions and expert testimony on comparability as relevant to the hypothetical negotiation. They further argue that the topic "confounds" Topic 107 (discussed below), which seeks facts surrounding the execution of allegedly comparable licenses identified by the defendants.[32] The plaintiffs contend that the topic seeks only facts related to the defendants' beliefs when they entered the license agreements — discovery that, they argue, both the defendants and the court contemplated the plaintiffs pursuing through fact depositions.[33]

Unlike Topic 107, Topic 108 seeks testimony beyond the surrounding facts of those licenses identified by the defendants as relevant to the hypothetical negotiation: the topic seeks "analysis"

---

[30] Summary Chart, Ex. A to *id.* – ECF No. 288-1 at 4.

[31] *Id.* at 5.

[32] Disc. Letter Br. – ECF No. 288 at 2 (quoting *Qualcomm Inc. v. Apple Inc.*, No. 17-cv-02398-DMS (MDD), 2018 WL 5829940, at *2 (S.D. Cal. Nov. 7, 2018)).

[33] *Id.* at 4–5 (discussing Order – ECF No. 245 at 8).

and "opinions" of the patents covered by the licenses, including on validity and infringement. As the court previously held, these are quintessential expert subjects and improper Rule 30(b)(6) topics.[34] But Topic 108 also seeks permissible testimony: the defendants' knowledge of the licensed patents, which implicates facts that the defendants are entitled to explore.[35]

The court therefore narrows Topic 108 to facts only: the topic is limited to testimony on the facts underlying the defendants' beliefs about the patents covered by licenses they have identified as relevant to the hypothetical negotiation, including the value, significance, and use of those patents.

**2.5 Topic 111**

Topic 111 seeks testimony on any "non-privileged analysis, inquiry, or investigation" or "opinion sought" by the defendants relating to its defenses, including its non-infringement and invalidity theories.[36]

The defendants argue the topic calls for improper legal opinion because it concerns litigation defenses, including the defendants' analyses of non-infringement and invalidity.[37] The plaintiffs respond that the topic seeks to explore the defendants' alleged willfulness by interrogating what inquiries, if any, the defendants made into infringement and validity of the Asserted Patents.[38]

The plaintiffs are entitled to explore the facts supporting the defendants' asserted beliefs that there has not been any infringement and that the Asserted Patents are invalid.[39] But as written, Topic 111 reaches beyond the facts; it extends to the legal underpinnings of the defendants' defenses and duplicates contention interrogatories. Topic 111 is therefore limited to testimony on the facts underlying the defendants' non-infringement and invalidity theories; the topic does not

---

[34] Order – ECF No. 280 at 6.

[35] Disc. Letter Br. – ECF No. 288 at 5; *see also* Order – ECF No. 245 at 8 (the plaintiffs can ask "which patents drove the value of a particular comparable license and the extent to which the defendants used the licensed patents.").

[36] Summary Chart, Ex. A to Disc. Letter Br. – ECF No. 288-1 at 5.

[37] Disc. Letter Br. – ECF No. 288 at 2–3.

[38] *Id.* at 5.

[39] *Id.*; *see also* Interrog. No. 7, Ex. H to *id.* – ECF No. 288-8 at 12–14.

United States District Court
Northern District of California

require the defendants to provide testimony explaining their legal theories or disclosing privileged analyses, investigations, and inquiries related to non-infringement or invalidity.

**2.6 Topic 126**

Topic 126 seeks testimony on the harm the defendants would suffer if required to stop selling or to disable the Accused Products.[40] The defendants contend that the topic improperly seeks legal contentions concerning "irreparable harm" they would suffer as the result of any injunctive relief.[41] The plaintiffs argue that the topic does not seek legal judgments, but only the factual harm the defendants would suffer if they were not allowed to sell the Accused Products.[42]

The court agrees with the plaintiffs. The topic permissibly seeks factual information related to the harm that the defendants would suffer if injunctive relief were issued. The topic does not call for testimony on "irreparable harm" or any other legal conclusion. The plaintiffs are permitted to explore the facts the topic calls for. Topic 126 stands.

**3. Topic 107**

Topic 107 seeks testimony on the facts surrounding the comparable licenses identified in the defendants' damages contentions, including the execution of each agreement, the nature of the defendants' relationship with the counterparty, and whether the license arose from litigation or settlement.[43]

The defendants argue that the topic is unduly burdensome because it requires memorization of "all facts and circumstances" surrounding the license agreements (which they claim is unfeasible).[44] The plaintiffs respond that the topic is reasonable as served: it only seeks facts about

---

[40] Summary Chart, Ex. A to Disc. Letter Br. – ECF No. 288-1 at 6.

[41] Disc. Letter Br. – ECF No. 288 at 3.

[42] *Id.* at 5.

[43] *Id.* at 4–5.

[44] *Id.* at 3 (citing *Li v. Merck & Co.*, No. 23-cv-03347-JSW (TSH), 2025 U.S. Dist. LEXIS 30822, at *7–8 (N.D. Cal. Feb. 20, 2025); *Tunick v. Takara Sake USA Inc.*, 2024 WL 1244263, at *1 (N.D. Cal. Mar. 22, 2024)).

United States District Court
Northern District of California

licenses the defendants identified themselves, and the plaintiffs are entitled to explore the factual underpinnings related to comparability.[45]

The court agrees with the plaintiffs. The defendants cannot meaningfully object to the topic's proportionality when it is tethered to the very licenses that the defendants identified in their own damages contentions.[46] The court previously held that the plaintiffs could use the licenses identified in the defendants' damages contentions "to explore questions related to comparability" in fact depositions, and the defendants concede that the plaintiffs are entitled to explore this information.[47] It would prejudice the plaintiffs to deprive them of this discovery now, when the close of fact discovery is nearly here. Topic 107 survives.

**4. Topic 74**

Topic 74 seeks testimony on how the defendants' "financial systems or databases generate financial reports, including the kinds of reports that can be generated."[48]

The defendants argue that Topic 74 is impermissible discovery-on-discovery.[49] They contend they have produced "spreadsheets itemizing every sale of the Accused Products," including revenue sortable by product type. The defendants further argue that Topic 72 — which they do not object to — covers questions concerning accounting practices and the underlying data in the produced spreadsheets.[50]

The plaintiffs respond that Topic 74 is not impermissible discovery-on-discovery because they have shown a specific deficiency: the defendants have only produced product-line level sales information that is disaggregated at the unit-sale level.[51] The plaintiffs argue that Topic 74 is

---

[45] *Id.* at 5 (citing Order – ECF No. 245 at 8).

[46] *Id.* (making this point).

[47] Order – ECF No. 245 at 8; Disc. Letter Br. – ECF No. 288 at 3.

[48] Summary Chart, Ex. A to Disc. Letter Br. – ECF No. 288-1 at 3.

[49] *Id.*

[50] Disc. Letter Br. at 3; Am. Notice, Ex. B to *id.* – ECF No. 288-2 at 19.

[51] Disc. Letter Br. – ECF No. 288 at 5 & n.1.

necessary because they need to know if the defendants' financial systems can be used to generate the financial information they seek, and that their expert needs to know how the financial reports were generated in order to account for any assumptions.[52]

As the court previously stated, discovery-on-discovery is generally disfavored and is only warranted if the party requesting the discovery demonstrates a specific deficiency in the other party's production or other information.[53] Here, the plaintiffs have shown a deficiency: the defendants' produced documents do not break down revenue on a product-by-product basis. They are entitled to pursue questioning limited to whether the defendants' financial systems can generate the revenue reports they seek. But the plaintiffs do not offer sufficient justification for further questioning on the defendants' financial systems or databases. To the extent their expert needs to better understand the financial reports, the plaintiffs may pursue questioning about the data in the produced spreadsheets under Topic 72.

Topic 74 is limited to whether the defendants' financial systems or databases can generate revenue reports at the unit-sale level. The plaintiffs may not seek testimony on the defendants' financial systems or databases beyond this limited scope.

## CONCLUSION

This resolves ECF No. 288.

**IT IS SO ORDERED.**

Dated: August 31, 2026

LAUREL BEELER
United States Magistrate Judge

[52] Summary Chart, Ex. A to *id.* – ECF No. 288-1 at 3.

[53] Order – ECF No. 280 at 7 (quoting *Taylor v. Google LLC*, No. 20-CV-07956-VKD, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024)).