United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONCURRENT VENTURES, LLC, et al.,

Plaintiffs,

v.

ADVANCED MICRO DEVICES INC., et al.,

Defendants.

Case No. 25-cv-09567-JST

**ORDER ON MOTION TO STRIKE INFRINGEMENT CONTENTIONS FOR THE '596 PATENT AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

Re: ECF Nos. 216, 271

This is an infringement action asserting several different patents, including the ’596 Patent. ECF No. 1. A dispute between the parties concerning the sufficiency of the ’596 Patent infringement contentions culminated, on May 5, 2026, in a motion to strike. ECF No. 216 at 8–9. Defendants’ motion argues that the operative infringement contentions are prejudicial and fail to comply with the local rules because they create an unmanageable number of permutations, improperly identify accused components by open-ended terms, fail to provide a single theory connecting the components in the manner claimed, and “mix and match different products.” *Id*. at 3. Plaintiffs’ opposition asserts that they had “agreed to supplement their infringement contentions . . . to provide the information Defendants seek before Defendants filed the motion,” so the motion “is premature and the dispute not ripe.” ECF No. 222 at 6.

On July 15, 2026, after the motion to strike was fully briefed, Plaintiffs served Defendants with amended infringement contentions, entitled “FINAL Amended Claim Chart for U.S. Patent 8,924,596” (“Final IC”). ECF No. 271-1 ¶ 2. On August 6, Defendants filed an administrative motion for leave to file supplemental briefing to argue that the Final IC “(a) will not cure any of the defects Defendants identified in the Operative Contentions, but will instead carry forward the Operative Contentions’ prejudicial, litigation by ambush approach that violates the Patent Local

Rules; (b) will introduce new components and theories at the very end of fact discovery and to Defendants' prejudice; and (c) cannot demonstrate the good cause that is necessary for any amendments because their proposed amendments rely entirely on information and documents Plaintiffs have had for years." ECF No. 271 at 2. Plaintiffs oppose supplemental briefing. They argue that the Final IC are merely "a draft set of supplemental contentions that included additional evidence supporting the existing theories, like cites to technical documents and source code collected in recent months" that are "not intended to be operative, but merely to provide additional detail regarding Plaintiffs' infringement theories to mitigate any confusion." ECF No. 276 at 2. They explain that the Final IC are "not binding and [have] no bearing on any issue in Defendants' Motion to Strike" and that "[i]f the Court grants the Motion to Strike with leave to amend, the scope of any proposed amendment would depend on the specifics of that order." *Id*. at 3.

Striking infringement contentions is a "draconian" and "severe sanction that should be used sparingly and only for good cause." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015); *Bender v. Advanced Micro Devices, Inc.*, No. C–09–1149 MMC (EMC), 2010 WL 363341, at *2 (N.D. Cal. Feb. 1, 2010). "Where appropriate, courts treat a motion to strike as a motion to compel amendment." *Avago Techs., Inc. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2015 WL 4647923, at *2 (N.D. Cal. Aug. 5, 2015) (citation omitted); *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-CV-04967-WHA-NC, 2013 WL 1878912, at *2 (N.D. Cal. May 3, 2013) (same).

Considering these principles and the circumstances of the motion practice here, the Court finds it appropriate to resolve both motions as follows: The Court deems moot the motion to strike. ECF No. 216. The motion for supplemental briefing, ECF No. 271, is likewise denied as moot. The Court considers the Final IC, ECF No. 270-2, to be operative. Defendants may file a motion to strike addressing those infringement claims.

**IT IS SO ORDERED.**

Dated: September 8, 2026

JON S. TIGAR
United States District Judge