United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CONCURRENT VENTURES, LLC, et al.,<br>Plaintiffs,<br>v.<br>ADVANCED MICRO DEVICES, INC., et al.,<br>Defendants. | Case No. 25-cv-09567-JST (LB)<br>**DISCOVERY ORDER**<br>Re: ECF No. 308 |

## INTRODUCTION

This is a patent-infringement case about data-processing units used in storage, networking, and artificial-intelligence infrastructure. The plaintiffs assert five patents against at least twelve accused products and characterize the case as one likely worth nine figures.[1]

The parties have a discovery dispute about depositions. The plaintiffs seek an order that any depositions of remaining witnesses may proceed remotely.[2] They argue that there is good reason for their request: remote depositions will reduce costs for both parties, and some currently scheduled

[1] First Am. Compl. (FAC) – ECF No. 142 at 18 (¶ 47), 55–72 (¶¶ 56–124). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 308 at 3.

United States District Court
Northern District of California

depositions are scheduled during the Jewish High Holidays, limiting counsel's ability to attend the depositions in person.[3]

The defendants have agreed to remote depositions for all currently scheduled depositions and any future depositions impacted by religious holidays or "logistical impediments." They request that the court impose two conditions on all remote depositions: that (1) remote deponents be provided with physical copies of exhibits, and (2) the court reporter attend the remote depositions in person.[4] The plaintiffs oppose the defendants' request.[5]

Lead counsel for both parties met and conferred by videoconference on September 8, 2026, and were unable to resolve the dispute.[6] The case was referred to the undersigned for discovery.[7] The court can decide the dispute without oral argument, Civil L.R. 7-1(b), and rules as follows.

First, the plaintiffs' request for an order that any depositions of remaining witnesses may proceed remotely is granted as modified: any currently scheduled or future depositions may proceed remotely at the request of the noticing party. The court expects the parties to cooperate and accommodate requests from the non-noticing party for remote depositions where appropriate, including (as the defendants have agreed to) when a scheduled deposition runs up against religious holidays or other logistical impediments.

Second, the defendants' request for in-person court reporters at remote depositions is denied. The federal rules and courts in this district do not require a court reporter to be in person with a witness during a remote deposition. Either party may demand an in-person court reporter at a remote deposition, but the requesting party will bear any difference in cost between a remote and in-person court reporter.

Third, the defendants' request for physical copies of exhibits is granted as modified: at least twenty-four hours in advance of any scheduled, remote deposition, the taking party must provide

---

[3] *Id.* at 1–2.

[4] *Id.* at 3, 5.

[5] *Id.* at 3.

[6] *Id.* at 6.

[7] *See* Docket.

the other side with Bates-stamped digital copies of all exhibits it intends to use at the deposition. The receiving party can then choose to print physical copies of those exhibits, at their own expense.

**LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The federal rules permit depositions to "be taken by telephone or other remote means" by party stipulation or court order. Fed R. Civ. P. 30(b)(4). The general rule is that a noticing party may choose the method and location of the deposition, including whether the deposition will proceed remotely. *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, No. MDL 3084 CRB, 2024 WL 3747391, at *3 (N.D. Cal. Aug. 9, 2024); *see also Carrico v. Samsung Elecs. Co.*, No. 15-CV-02087-DMR, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("Plaintiffs, as the noticing party, may generally choose, subject to certain limitations, the deposition's location."); *Jones v. Nutiva, Inc.*, No. 4:16-cv-00711-HSG (KAW), 2017 WL 3412302, at *1 (N.D. Cal. Aug. 9, 2017) (same). Courts in this district have recognized that remote depositions "can be an effective and efficient means of reducing costs." *Carrico*, 2016 WL 1265854, at *1 (collecting cases). Unless the parties stipulate otherwise, a deposition must be conducted before an officer

United States District Court
Northern District of California

appointed or designated under Rule 28, such as a court reporter. Fed. R. Civ. P. 30(b)(5). A court reporter does not need to be in the same physical location as the witness to comply with Rule 30(b)(5) so long as they attend the deposition "by the same remote means as the other participants" and are "able to hear and communicate with other attendees." *In re Uber Techs.*, 2024 WL 3747391, at *3.

## ANALYSIS

### 1. Remote Depositions

The defendants agree that "every currently-scheduled deposition may proceed remotely" and represent that "they will make the same stipulation for any other deposition impacted by religious holidays or logistical impediments."[8] The issue, then, is whether the court should order that all remaining depositions — not just those currently scheduled or any future depositions impacted by religious holidays or logistical impediments — may proceed remotely.

The plaintiffs have two arguments for remote depositions. First is their argument about scheduling over the Jewish High Holidays and other holidays, which is mooted by the defendants' agreement that depositions impacted by "religious holidays or logistical impediments" may proceed remotely.[9] Second, they argue that there is good reason for remote depositions because they will reduce costs and increase efficiency for both parties.[10]

Remote depositions are now routine and their associated cost-savings and efficiency gains are well recognized. *E.g.*, *Carrico*, 2016 WL 1265854, at *1 (collecting cases). But whether to take a deposition in-person or remotely is a decision that lies with the noticing party in the first instance, *In re Uber*, 2024 WL 3747391, at *3, and the court declines to issue an order requiring that all future depositions must have the option of proceeding remotely. Instead, the court orders as follows: any deposition, future or currently scheduled, may proceed remotely at the request of the

[8] Disc. Letter Br. – ECF No. 308 at 5.

[9] *Id.*

[10] *Id.* at 2.

noticing party.[11] The court trusts that the parties will work cooperatively and accommodate requests from the non-noticing party for remote depositions where appropriate, including (as the defendants have agreed to) when a scheduled deposition runs up against religious holidays or other logistical impediments.[12] Counsel may be present with their witnesses during remote depositions if they choose, but they will bear the burden of their own costs if they elect to do so.

**2. Procedural Safeguards on Remote Depositions**

The remaining issue is whether the defendants' proposed "procedural safeguards" — which the plaintiffs characterize as "restrictions" — should apply to all remote depositions in this case.[13] The defendants request, for any remote deposition, that (1) physical copies of exhibits be provided to the deponents and (2) the court reporter attend the deposition in person.[14] They argue that these requirements are routine, not unduly burdensome, and will "safeguard the integrity" of remote depositions: an in-person court reporter will ensure the accurate recording of the sworn testimony, and physical copies of exhibits will help with effective management and witness review of the exhibits.[15] The plaintiffs object to both requests on the basis of cost and undue burden.[16]

---

[11] The court acknowledges the defendants' point that the plaintiffs' deposition notices do not specify that the depositions will proceed remotely under Rule 30(b)(4). *Id.* at 4; *see also* Exs. C & D to *id.* – ECF Nos. 308-3 at 3 and 308-4 at 3. Pursuant to this order, the plaintiffs must issue amended deposition notices for any depositions that will proceed remotely not later than three days before the deposition in question. If any deposition the plaintiffs intend to take remotely is scheduled for less than three days after this order, the plaintiffs must, within twenty-four hours of this order, confirm by email to the defendants that the deposition will proceed remotely and serve an amended notice as soon as possible. The same three-day rule for amended notices applies to the defendants.

[12] Both sides accuse one another of impeding the deposition-scheduling process and of other bad-faith discovery conduct. Disc. Letter Br. – ECF No. 308 at 1, 5. On this record, the court does not find bad faith by either party. With the close of fact discovery approaching, the court reminds the parties that they are expected to meaningfully cooperate and act in good faith in the discovery process.

[13] *Id.* at 2–3.

[14] *Id.* at 3–5. The plaintiffs assert that the defendants seek to have both the court reporter and the videographer (if any) attend the remote depositions in person, but the defendants' section of the brief only mentions court reporters.

[15] *Id.* at 3–4.

[16] *Id.* at 2–3.

United States District Court
Northern District of California

First, the request for in-person court reporters is denied. The federal rules do not require a court reporter to be in person with a witness during a remote deposition, *see* Fed. R. Civ. P. 30(b)(5), and the defendants cite no cases supporting that their request is the "standard practice under the Federal Rules."[17] Courts in this district have held the exact opposite, explicitly directing that a court reporter need not be in the same physical location as a witness during a remote deposition as long as they attend "by the same remote means" and can hear and communicate with deposition attendees. *In re Uber*, 2024 WL 3747391, at *3. That the plaintiffs agreed to an in-person court reporter at a remote deposition over a year ago does not create a binding rule in absence of a party stipulation to the same.[18]

The plaintiffs stated in meet-and-confer and in the parties' letter brief that their concern with an in-person court reporter is driven by cost; the defendants respond that if there is a cost difference between a remote and in-person court reporter, they will agree to pay the difference.[19] That representation provides the answer. The court therefore orders as follows: for any remote deposition, there must be a court reporter pursuant to Rule 30(b)(5). That reporter may attend the deposition remotely by the same means as the other participants, or in-person at either party's request. To the extent that there is a cost differential between a remote and in-person court reporter, the party requesting the in-person court reporter must pay the difference. Fed. R. Civ. P. 26(c)(1)(B) (the court may allocate discovery expenses).

Second, the request for physical copies of exhibits is granted as modified below. Courts in this circuit have found that sending Bates-stamped copies of exhibits in advance or using "modern videoconference technology" to share exhibits are both effective strategies for managing "voluminous and highly detailed exhibits" during remote depositions. *Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) (collecting cases); *Carrico*, 2016 WL 1265854, at *1. Neither party has presented evidence illustrating the anticipated volume of exhibits that will

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.*

be used in any currently scheduled or future depositions, except for the plaintiffs' single reference to a financial spreadsheet (which has not been identified as a deposition exhibit) that, if printed, would span 1,758 pages.[20] The defendants respond that they do not object to certain exhibits, like the aforementioned spreadsheet, being presented digitally, but that this "does not justify depriving the witness of other documents that can be printed and reviewed physically."[21]

As a compromise, the court orders as follows: at least twenty-four hours in advance of any scheduled remote deposition, the taking party must provide the other side with Bates-stamped digital copies of all exhibits it intends to use at the deposition. The receiving party may then decide whether to print physical copies of those exhibits, bearing the cost of the same. Fed. R. Civ. P. 26(c)(1)(B). Nothing about this order precludes the use of videoconference technology to share exhibits during the deposition.

## CONCLUSION

This resolves ECF No. 308.

**IT IS SO ORDERED.**

Dated: September 11, 2026

LAUREL BEELER
United States Magistrate Judge

[20] *Id.* at 2.

[21] *Id.* at 5.