United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CONCURRENT VENTURES, LLC, et al.,
Plaintiffs,
v.
ADVANCED MICRO DEVICES INC., et al.,
Defendants.

Case No. 25-cv-09567-JST

**ORDER GRANTING IN PART MOTION TO STRIKE INVALIDITY CONTENTIONS**

Re: ECF Nos. 190, 205

Before the Court are two motions concerning Defendants' invalidity contentions in this patent infringement action. The first is Defendants' motion to confirm that their invalidity contentions do not violate their *Sotera* stipulation. ECF No. 190. That motion is denied. The second is Plaintiffs' motion to strike certain invalidity contentions on the grounds that they violate the *Sotera* stipulation and fail to comply with the Patent Local Rules. ECF No. 205. That motion is granted in part and denied in part for the reasons set forth below.

## I. BACKGROUND

Plaintiffs Concurrent Ventures, LLC, and Xtream Edge, Inc., filed this patent infringement action against Defendants Advanced Micro Devices, Inc., ("AMD") and Pensando Systems, Inc., in the Western District of Texas on March 29, 2024. ECF No. 1. Plaintiffs assert that Defendants infringed five patents, which broadly aim to "increase the efficiency of communications between [computer processing units, or] CPUs and other network components." *Id.* ¶ 4, 12–16.

Between December 2024 and March 2025, Defendants filed petitions with the Patent Trial and Appeal Board ("PTAB") requesting inter partes review ("IPR") of four of the five asserted patents: U.S. Patent No. 10,985,943 ("the '943 patent"), U.S. Patent No. 8,924,596 ("the '596 patent"), U.S. Patent No. 10,944,634 ("the '634 patent"), and U.S. Patent No. 10,873,753 ("the

’753 patent”). ECF No. 78 at 1. On April 22, 2025, they filed a *Sotera* stipulation before the district court, entitled “Defendants’ Stipulation Regarding Invalidity Contentions.” *Id.*; *see Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-01019, 2020 WL 7049373, at *7 (P.T.A.B. Dec. 1, 2020) (precedential). The stipulation provided that for each asserted patent for which IPR is instituted, “Defendants will not pursue in this case the specific grounds [pursued through IPR] in connection with the [asserted] patent and the challenged claims for that patent as originally issued, or on any other ground for which the Board institutes, that was raised or could have been reasonably raised in an IPR (i.e., any ground that could be raised under §§ 102 or 103 on the basis of prior art patents or printed publications).” *Id*. at 3–4.

In opposing discretionary denial of their IPR petitions, Defendants relied on their *Sotera* stipulation, arguing that it “mitigat[ed] the concern of duplicative efforts between the district court and the Board.” ECF No. 206-5 at 10, ECF No. 206-6 at 10, 206-7 at 10. Three of the four IPRs (those challenging the ’596, ’943, and ’753 patents) were subsequently instituted. ECF No. 190 at 7.

The case was transferred to this district on November 3, 2025. ECF No. 121. Plaintiffs served infringement contentions on December 30, 2025, and Defendants served invalidity contentions on February 13, 2026. ECF No. 190 at 7. The invalidity contentions include extensive invalidity grounds that were or could have been raised in the IPRs, including via incorporation by reference of the IPR petitions themselves. *See* ECF No. 205-14; ECF Nos. 205-15–205-30.

On February 20, 2026, Plaintiffs sent a letter to Defendants arguing, in part, that the invalidity contentions violated the *Sotera* stipulation. *Id*. On March 9, 2026, Plaintiffs emailed the U.S. Patent and Trademark Office (“USPTO”) Director alleging that Defendants reneged on their *Sotera* stipulations and requesting termination of the IPRs. ECF No. 190-3 at 2. On March 10, Defendants filed an amended stipulation concerning their invalidity contentions explaining that the earlier invalidity contentions had included grounds covered by the IPRs only as a “reservation of rights in the unlikely event that one or more of Defendants’ IPRs is de-instituted” and stating that the “*Sotera* stipulations remain in effect,” so “Defendants will not pursue in this

case any ground that was raised or could have been reasonably raised in those IPRs." ECF No. 182 at 2. On March 13, 2026, the Director initiated Director Review to "consider whether [Defendants] have violated their *Sotera* stipulation" based on their invalidity contentions in this action, and whether to terminate the IPRs as a result. ECF No. 190-5 at 3.

On March 20, Defendants filed the first of the two motions before the Court, asking this Court to issue an order confirming that no *Sotera* violation had occurred. ECF No. 190. Accompanying that motion was an administrative motion to expedite, which argued that "[a] prompt ruling on this issue is necessary so the USPTO Director can have the guidance of this Court when deciding Plaintiffs' motions to terminate, and to allow the instituted IPR proceedings to move forward as the *Sotera* Stipulation remains in effect." ECF No. 191. Denying the motion to expedite, this Court observed that "there is no reason for this Court to rush its decision in an effort to decide that question before the Patent Trial and Appeals Board does." ECF No. 194 at 1. Plaintiffs opposed the motion for a finding of no *Sotera* violation on April 3, 2026, ECF No. 206, and Defendants replied on April 10, 2026, ECF No. 209.

Also on April 3, Plaintiffs filed a motion to strike portions of Defendants' invalidity disclosures. ECF No. 205. That motion argues that Defendants violated the *Sotera* stipulation because the invalidity contentions "expressly assert every one of the paper grounds and references Defendants rely on in each of the IPRs." *Id*. at 8; ECF No. 205-14. It also argues that Defendants' invalidity charts fail to identify the theories of combinations alleged to render the claims obvious, that they lack the required level of specificity because they reserve unidentified theories, and that they omit required information about identified system art. ECF No. 205. Defendants opposed the motion to strike on April 17, 2026. ECF No. 211. Plaintiffs replied on April 24, 2026. ECF No. 214.

On May 12, 2026, the Director issued his decision, de-instituting IPR because Defendants' invalidity contentions in this proceeding violated their *Sotera* stipulation. ECF No. 219-1 at 6.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. DISCUSSION

### A. *Sotera* Stipulation Violation[1]

A *Sotera* stipulation is a stipulation that an IPR petitioner who is also a defendant in a patent case will not pursue in the district court proceeding the specific asserted grounds or any other ground that was raised or could have been reasonably raised in the IPR petition. *See Sotera Wireless*, 2020 WL 7049373, at *7. It is designed to mitigate "concerns of duplicative efforts between the district court and the Board, as well as concerns of potentially conflicting decisions." *Id.* It "ensures that an inter partes review is a 'true alternative' to the district court proceeding." *Id.*

Defendants do not dispute that their invalidity contentions extensively asserted grounds that either were or could have been raised in the IPRs. *See* ECF No. 205 at 8–9; ECF No. 211 at 6. Rather, because Defendants' *Sotera* stipulation promised not to "pursue in this case" grounds that were or could have been raised in the IPR, the dispute between the parties largely turns on the meaning of the term "pursue." Defendants argue that "they are not pursuing invalidity on prior art grounds that could be raised in the parallel IPRs, but that they disclosed such prior art in their initial invalidity contentions to comply with Local Rule 3-3 as a reservation of rights in case the IPRs are 'de-instituted.'" ECF No. 211 at 6; *see also* ECF No. 190 at 12–13 (arguing that the Court must decide "whether merely disclosing prior art in a discovery document, as a contingent preservation of Defendants' rights and for discovery purposes, constitutes 'pursuing' the disclosed prior art at trial or on the merits in this action"). Because the case had not yet progressed through

[1] Defendants' motion for a finding of no *Sotera* violation, ECF No. 190, seeks an impermissible advisory opinion pertaining not to the proceedings in this Court, but to the parallel IPR proceedings. *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."); ECF No. 209 at 7 (Defendants' concession that they do "not ask the Court to issue any instructions or rulings to the Director"). And the Director's institution or de-institution decision is, in any event, unreviewable. *See* 35 U.S.C. § 314(d); *Thryv, Inc v. Click-To-Call Techs., LP*, 590 U.S. 45, 53 (2020). Nonetheless, the Court considers the arguments raised in that briefing in ruling on Plaintiffs' motion to strike certain invalidity contentions. As this order concludes that the *Sotera* stipulation was violated, the motion for a finding of no *Sotera* violation is denied because it seeks an advisory opinion, because it is moot in light of the Director's decision to de-institute IPR, and on the merits.

claim construction, exchange of expert reports, or summary judgment, Defendants argue, "it makes no sense to even contend that a *Sotera* violation has occurred." ECF No. 190 at 14. That is because, in Defendants' view, the risk of duplicative efforts and conflicting decisions between for a does not occur until those later stages. *Id*. at 16.

By asserting the IPR grounds in their invalidity contentions, Defendants violated the *Sotera* stipulation. The stipulation was not limited to particular stages of the litigation. ECF No. 78. In fact, Defendants entitled it "Stipulation Regarding Invalidity Contentions," which at least strongly suggests that it was meant to pertain to the invalidity contentions themselves. *Id*. at 1. The invalidity contentions state without qualification that the asserted claims are anticipated and/or rendered obvious by the violative paper references, which are further explained via voluminous citations. *See* ECF No. 205-14. They also expressly and repeatedly incorporate by reference the grounds described in the petitions for IPR. *Id*. These asserted invalidity grounds compel a response from Plaintiffs in the form of fact discovery and ultimately expert analysis. Defendants' view that asserting grounds in the invalidity contentions constitutes only "disclosure" and not also "pursuit" is unsustainable.

Although Defendants recharacterize the asserted IPR grounds as merely a "reservation of rights" in case IPR is de-instituted,[2] the invalidity contentions did not describe them as such. *See* ECF No. 205-14 at 11, 61, 103. And critically, the *Sotera* stipulation also did not reserve the right

[2] Defendants allege that de-institution is becoming more common, citing *Hulu, LLC v. Piranha Media Distribution, LLC*, IPR2024-01252, Paper 27 (Acting Dir. Apr. 17, 2025) and *Revvo Techs., Inc. v. Cerebrum Sensor Techs., Inc.*, IPR2025-00632, Paper 20 (Dir. Nov. 3, 2025). In *Hulu*, IPR was de-instituted because the district court had already entered judgment finding that the claims challenged in the IPR were invalid under 35 U.S.C. § 101. *Hulu*, IPR2024-01252, Paper 27, at 2. The Director concluded that "where a district court already has found the challenged claims invalid, the efficiency and integrity of the patent system is best served by denying institution." *Id*. at 3. And in *Revvo Techs.*, IPR was de-instituted because the petitioner had taken contrary claim construction positions before the Board and the district court without sufficiently explaining the discrepancy. *Revvo Techs.*, IPR2025-00632, Paper 20, at 5. Any nascent practice of de-institution does not alter the Court's analysis. In *Hulu*, the defendant was evidently not harmed by the de-institution of IPR given the Section 101 ruling. And in *Revvo Techs.*, de-institution was attributable to the defendant's own misconduct, as is the case here. In cases where IPR is de-instituted for reasons outside of the defendants' control, courts may come to a different conclusion about whether to read into a *Sotera* stipulation an exception to the waiver.

to pursue those invalidity grounds in this litigation. Rather, it waived pursuit of the IPR grounds in exchange for the institution of IPR without any qualifications or conditions pertaining to the possibility that IPR would later be de-instituted. ECF No. 78. The Director relied on that unconditional Sotera stipulation in deciding to institute IPR. Had Defendants wished to preserve their ability to pursue IPR grounds in district court after de-institution, then they could—and should—have included such a provision in the *Sotera* stipulation. The Director would then have taken that provision into account in deciding whether to institute IPRs in the first place.[3]

That also addresses Defendants' fairness arguments. Defendants repeatedly argue that it is unfair to hold them to their *Sotera* stipulation given de-institution of the IPRs because the *Sotera* stipulation is predicated on instituted IPR proceedings and the need to avoid duplicative efforts or conflicting results. *See, e.g.*, ECF No. 190 at 14 n.4; ECF No. 211 at 11. Indeed, it may be harsh to deny Defendants any forum to litigate their invalidity contentions. But that consequence follows from Defendants' conduct in unconditionally promising not to pursue IPR grounds in this litigation to secure IPR and then pursuing those grounds here nonetheless.

Defendants also argue that they did not violate their *Sotera* stipulation by disclosing the IPR invalidity grounds in their contentions because doing so was required by Patent Local Rule 3-3. ECF No. 190 at 17–18. Patent Local Rule 3-3 requires that invalidity contentions identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Patent L.R. 3-3(a). Defendants assert that "[c]ourts in this district have repeatedly required defendants to disclose all invalidity grounds even when they did not intend to ultimately pursue those grounds at the expert discovery, summary judgment, or trial stage." ECF No. 190 at 17. But they cite no cases supporting that proposition. *Id.*; ECF No. 211 at 7–8. On the contrary, Defendants' cited cases establish only that a defendant must include in its contentions any invalidity grounds that it *does* mean to pursue. *Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.* denied a motion to

[3] For these reasons, Defendants' amended stipulation concerning their invalidity contentions does not cure the violation by explaining that the precluded invalidity contentions were included only as a reservation of rights. The fact that the violation is limited to a particular set of circumstances that Defendants believe constitute a fair exception to the stipulation (e.g., where the Director de-institutes IPR) does not aid them, because the original stipulation contained no such exception.

amend invalidity contentions because the defendant had not shown good cause for the late additions. No. C 12-05791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014). Although that court did note that "[t]he rules do not state that defendants can limit themselves to only references they believe are relevant to plaintiff's read of the patent," it did so in the context of rejecting the defendant's argument that it should be allowed to add and pursue a reference not previously disclosed because that reference had "'only become relevant' as plaintiff's claim construction position expanded." *Id*. There was no question that the defendant intended to pursue the invalidity ground at issue, but had failed to preserve its right to do so. The same is true of *MLC Intell. Prop., LLC v. Micron Tech., Inc.*—it rejected the defendant's argument that subsequent events rendered certain references more significant and therefore justified adding them belatedly to the invalidity contentions. No. 14-CV-03657-SI, 2018 WL 6046465, at *3 (N.D. Cal. Nov. 19, 2018). Far from supporting Defendants' position that the patent local rules require them to assert grounds they do not intend to pursue, these cases show that the invalidity grounds are a mechanism for preserving grounds that the defendant *does* mean to pursue.

Defendants' characterization of the local rules is also out of step with the purpose of invalidity contentions. Generally, invalidity contentions are intended to "confin[e] discovery and trial preparation to information that is pertinent to the theories of the case," *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006), and to "streamline the litigation process," *Evolusion Concepts, Inc. v. Cross Eng'g, LLC*, No. 18-CV-0871 DMS (MSB), 2019 WL 13149923, at *1 (S.D. Cal. Apr. 8, 2019). Disclosing invalidity contentions that one does not intend to pursue undermines these objectives by unnecessarily expanding or obfuscating the universe of the case.

To side with Defendants would require the Court to read an exception into the *Sotera* stipulation that does not exist. The Court finds persuasive the Director's reasoning on this point in his decision de-instituting IPR in this case:

> Petitioner's action of incorporating the IPR grounds into its invalidity contentions violates the Stipulation it filed with the Office. Petitioner stipulated that it "will not pursue" its IPR grounds in the Parallel Litigation, and then served invalidity contentions that included those IPR grounds. Petitioner's view of how a stipulation is triggered and

United States District Court
Northern District of California

> operates would effectively allow petitioners to maintain duplicative grounds in district court until the eve of trial. Such a position is problematic, as it could force patent owners to expend significant resources substantively responding to such grounds in the district court. This does not ensure that the IPRs are a "true alternative" to parallel litigation.

ECF No. 219-1 at 5–6 (citations omitted). Defendants effectively take the position that they can secure institution of IPR in part because of a *Sotera* stipulation, violate the *Sotera* stipulation resulting in de-institution of IPR, and then pursue the IPR grounds in district court. The Court concludes otherwise.

**B. Obviousness**

Patent Local Rule 3-3(b) requires invalidity contentions to disclose "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." If obviousness is alleged, the rule further requires "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." *Id*. While a prior version of the rules required such invalidity contentions to describe the theory of motivation to combine certain references, that requirement was removed in 2008. *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *31 (N.D. Cal. Feb. 20, 2015). The rules still require, however, "some explanation of obviousness," to which motivations to combine remain relevant. *Id*.

Courts allow defendants to assert obviousness combinations by group if the theory of obviousness is the same for every possible combination of the two groups. *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007); *see also Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG (DMR), 2017 WL 235049, at *6 (N.D. Cal. Jan. 19, 2017) (emphasis added).

Plaintiffs complain that Defendants include tables that "reserve the right to rely on virtually every conceivable combination of prior art for obviousness, without charting or explaining the substance of any such theory," asserting generically that a person of ordinary skill in the art would be motivated to combine any reference in the table with any other reference in the table. ECF No. 205 at 11–12. In their opposition, Defendants agree "to remove the reservation language for undisclosed combinations from their invalidity contentions," which addresses this

concern. ECF No. 211 at 18; ECF No. 214 at 11.

For the obviousness combinations that are specifically disclosed, Plaintiffs argue that Defendants fail to explain *how* the prior art references would be combined. ECF No. 205 at 12. But Defendants provide several examples of theories about why and how a POSITA would be motivated to combine certain prior art references in a certain way. For example, for an enumerated list of combinations that include the IBM Cell Broadband System(s), Defendants' invalidity contentions explain that the "IBM Cell Broadband System(s) teaches queue management, and there were teachings, suggestions, and motivations in the art for IBM Cell Broadband System(s) for implementing queue management functionality," so a POSITA would "have been motivated to combine IBM Cell Broadband System(s) with known queue management techniques that use software instructions on processors, particularly prior art for multiprocessor systems and flow control." ECF No. 211 at 14. On its face, this explanation addresses why a POSITA would be motivated to make the combination and how that combination would be made.

Defendants' other example is even more detailed. The invalidity contentions explain that because "Alexander teaches a system with distributed processing across multiple processing units that require queue management and flow control at both the global and local level[,] . . . a POSITA would have naturally looked to other references that provide details related to multiprocessor systems, computer architecture, queue management, reservation systems, and flow control," including "Drews, which teaches a queue reservation system based on a counter for multiprocessor systems," "Gewirtz, which teaches a programmable queue structure for multiprocessor systems with flow control based on a queue state register," or "Goyal, which teaches queue management based on a centralized command processor for multiprocessor systems." ECF No. 211 at 15. This explanation states which components of the combination are drawn from Alexander ("a system with distributed processing across multiple processing units . . .") and which would be drawn from each of the three other prior art references discussed ("a queue reservation system," "programmable queue structure," etc.).

Plaintiffs suggest that these examples typify the deficiencies in Defendants' invalidity contentions. ECF No. 214 at 12–13. The Court finds otherwise—that they show that the

contentions sufficiently describe the combinations rendering the claims obvious.

**C. Reliance on Undisclosed Invalidity Theories**

"Our patent local rules require detailed disclosure of a party's patent invalidity contentions . . . with particularity and as to each prior art for each claim limitation." *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1 (N.D. Cal. Sept. 17, 2012). This disclosure must include "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious" and a "chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found." Patent L.R. 3–3(a), (c).

Plaintiffs argue that Defendants' invalidity contentions are improper insofar as they describe certain contentions as "non-limiting examples."[4] ECF No. 205 at 14–15; ECF No. 214 at 14 ("Plaintiffs request is simple: Defendants should be held to what they actually identified in their invalidity contention charts."). Plaintiffs are correct that any addition to the invalidity contentions will require leave of Court to amend. Defendants' arguments about why they are unable to enumerate their invalidity contentions more comprehensively at this juncture—including that they were forced to use open-ended language because of uncertainties arising from Plaintiffs' infringement contentions, ECF No. 211 at 21[5]—go to good cause and can be raised in a future motion for leave to amend.

Courts in this circuit have often struck language purporting to reserve the right to add to invalidity contentions without seeking leave to amend. *See 0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464JLR, 2019 WL 3082290, at *3 (W.D. Wash. July 15, 2019) ("Defendants,

[4] Plaintiffs also assert that for some limitations, "Defendants provide no theory at all, simply copying the claim language and providing pages of block quotes." ECF No. 205 at 14. On this basis, they seek to strike ten claim charts. *Id*. at 21. Their motion does not adequately justify this request. Plaintiffs cite the example of Borkowski '529, but the chart for that reference connects the relevant claim language to exemplary evidence of anticipation or obviousness from the reference. ECF No. 205-36. Except for the request to strike the SAVI claim chart, to which Defendants agree, this portion of the motion is denied. ECF No. 211 at 19.

[5] Defendants assert that "the Court should order that Plaintiffs must amend their infringement contentions to likewise remove all language that provides information by way of example." ECF No. 211 at 21. The Court will not consider this argument outside of the context of a motion to strike Plaintiffs' infringement contentions.

however, cannot effect an end-run around Local Patent Rule 124's good cause requirement by incorporating by reference uncited material or reserving a right to rely upon uncited material."); *Mitsubishi Elec. Corp. v. Sceptre, Inc.*, No. 2:14-cv-04994-ODW (AJWx), 2015 WL 2369557, at *2 (C.D. Cal. May 18, 2015) ("Defendants may only rely upon cited portions of prior art references" despite "purport[ing] to reserve the right to rely upon uncited portions of those references."); *see also Ironworks Patents LLC v. Samsung Elecs. Co., Ltd.*, No. 17-cv-01958 HSG (JSC), 2017 WL 4573366, at *3 (N.D. Cal. Oct. 13, 2017) (striking list of 29 "Additional References" that the defendant sought to reserve the right to rely on, without justification, as invalidating prior art).

Defendants rely on *Avago*, but that case does not support a general reservation of rights to assert unclaimed grounds or supplement without receiving leave to amend. 2007 WL 951818, at *2. The court upheld the use of the "see, e.g." signal in a claim chart, but the defendant had provided "written descriptions of each element of each asserted claim found in the particular prior art reference" and "represented that the exemplar given with the signal is the prior art reference that will be relied upon for the proposition stated in its Contentions." *Id*.

The Court therefore grants the motion to strike as to language purporting to reserve the right to add new invalidity contentions without seeking leave to amend.

**D. Sufficient Specification of System Art**

Patent Local Rule 3-3(a) requires that "[e]ach alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known."

Plaintiffs contend that Defendants fail to identify each allegedly invalidating system (identifying them only by "open-ended category"), the date of sale, public use, or disclosure, and the specific entity or person involved in the sale or public disclosure. ECF No. 205 at 17. One exemplary disclosure states that "NVIDIA/Mellanox System(s) including but not limited to RDMA Aware Networks, ConnectX-2 Single/Dual-Port Adapter Device with Virtual Protocol

Interconnect, Mellanox OFED for Linux, Mellanox Technologies InfiniBand Fabrics, were sold, offered for sale, made known, and/or publicly used before December 6, 2013." *Id.* Plaintiffs have not shown that this type of disclosure warrants striking. Defendants identify specific systems ("RDMA Aware Networks," "ConnectX-2 Single/Dual-Port Adapter Device with Virtual Protocol Interconnect," etc.) and a distribution or publicity date. Although Defendants do not specifically state that NVIDIA is the entity who made the alleged offer or sale, that fact is implied by the identification of those systems as NVIDIA systems. ECF No. 211 at 27. Information about who received the systems is missing, but Defendants explain that they require discovery to learn it. ECF No. 211 at 27 ("[W]ithout discovery from the third parties at issue, Defendants do not know what financial or sales data the third parties will produce, or for which customers. Defendants have issued subpoenas and will supplement their contentions as soon as the manufacturers of these prior art systems produce evidence regarding the dates of sale and, if produced, the identities of customers.").

To the extent that details are missing, it is more useful to Plaintiffs for these positions to be disclosed to the extent possible now and amended later to add detail, than for them to not be disclosed at all now and added wholesale only once Defendants have all of the necessary information. Amending these disclosures (especially to add undisclosed new systems) may require leave to amend. And if Defendants never disclose all of the information required by the rules, they may be precluded from relying the sales or public use allegations at issue. Nonetheless, Plaintiffs have not justified striking these disclosures under the patent local rules. *See O2 Micro*, 467 F.3d at 1366 ("If a local patent rule required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well before the end of discovery, it might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules.").

**CONCLUSION**

For the reasons set forth in this order, the Court hereby strikes all grounds asserting anticipation or obviousness based on patents and printed publications alone or in combination with other patents or printed publications, in violation of the *Sotera* Stipulation. For any remaining

United States District Court
Northern District of California

invalidity contentions, the Court also strikes reservation-of-right language in Defendants' claim charts stating that each theory is exemplary or a non-limiting example. The motion to strike, ECF No. 205, is otherwise denied.

**IT IS SO ORDERED.**

Dated: September 14, 2026

JON S. TIGAR
United States District Judge