UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CONCURRENT VENTURES, LLC, et al.,<br>Plaintiffs,<br>v.<br>ADVANCED MICRO DEVICES, INC., et al.,<br>Defendants. | Case No. 25-cv-09567-JST (LB)<br>**DISCOVERY ORDER**<br>Re: ECF No. 309 |

## INTRODUCTION

This is a patent-infringement case about data-processing units used in storage, networking, and artificial-intelligence infrastructure. The plaintiffs assert five patents against at least twelve accused products and characterize the case as one likely worth nine figures.[1]

The parties have a discovery dispute. The defendants move to compel discovery about the plaintiffs' efforts to preserve evidence.[2] The predicate is largely undisputed: Stacy Kenworthy (one of the two founders and principals of plaintiffs Concurrent Ventures, LLC and XtreamEdge, Inc.) deleted his sent and received emails and his calendar entries daily, a decades-old practice that

[1] First Am. Compl. (FAC) – ECF No. 142 at 18 (¶ 47), 55–72 (¶¶ 56–124). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 309 at 1.



United States District Court
Northern District of California

United States District Court
Northern District of California

continued for more than two years after the plaintiffs filed this case in March 2024 and that continues today in modified form: he now keeps personal-account emails only if he judges that they relate to this case.[3] The plaintiffs disclosed the practice in June 2026, and Mr. Kenworthy confirmed it at his August 11, 2026, deposition, where (on counsel's instructions asserting the attorney-client privilege) he did not answer questions about preservation communications with counsel.[4]

The parties agree on most of the relief. The plaintiffs will (1) produce any litigation holds sent to them, including Mr. Kenworthy, relating to this case, (2) produce communications regarding the duty to preserve documents and electronically stored information (ESI), any steps taken to preserve, and any failure to preserve, and (3) serve (at least three days before any further deposition of Mr. Kenworthy) a sworn written account of all verbal communications in those categories.[5] Two issues remain. First, the plaintiffs conditioned their agreement on the defendants' stipulating not to argue subject-matter waiver based on the disclosure, and the defendants refused.[6] A court order resolves the concern: "a party does not waive the attorney-client privilege for documents which he is compelled to produce." *Transamerica Comput. Co. v. IBM Corp.*, 573 F.2d 646, 651 (9th Cir. 1978). The court also orders, under Federal Rule of Evidence 502(d), that the compelled production and testimony do not waive privilege or work-product protection. Second, the parties dispute the scope and length of the further deposition: the defendants ask for two hours on spoliation, document retention, and preservation instructions generally; the plaintiffs offer sixty minutes limited to the lines of questioning previously blocked on privilege grounds.[7]

The court orders the agreed production and grants leave for a further deposition of Mr. Kenworthy (remote, two hours on the record) limited to preservation and spoliation subjects: the

---

[3] *Id.* at 1–2, 5; Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 9–10 (324:23–325:11), 21–22 (336:20–337:8).

[4] Disc. Letter Br. – ECF No. 309 at 1, 4; Emails, Ex. A to *id.* – ECF No. 309-1 at 2, 5, 17; Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 18–19 (333:17–334:8), 21 (336:3–19), 25–26 (340:19–341:1).

[5] Disc. Letter Br. – ECF No. 309 at 3.

[6] *Id.* at 3 & n.5.

[7] *Id.* at 3–4.

previously blocked lines of questioning, the materials produced under this order, and Mr. Kenworthy's retention, deletion, and preservation practices, including his actions in response to any preservation instructions. The defendants may not re-ask questions asked and answered at the first deposition except as reasonably necessary to lay a foundation. The court does not decide whether spoliation occurred, when the duty to preserve attached, or what remedy, if any, might follow; those issues are for a Rule 37(e) motion, if one is made.

## STATEMENT

The plaintiffs assert patent-infringement claims against Advanced Micro Devices, Inc. and Pensando Systems, Inc. involving data-processing-unit products.[8] Messrs. Beeson and Kenworthy are the plaintiffs' two founders and principals.[9] A related entity, HellaStorm (also founded and controlled by the two) employed both inventors of the asserted patents during the period when the patents were conceived and reduced to practice; HellaStorm ceased operations at the end of 2020.[10] The plaintiffs filed this case on March 29, 2024, in federal court in Texas; the case was later transferred to this district.[11]

The preservation record developed in stages. Within months of filing, the plaintiffs represented to the Texas court that they were not aware of any preservation issues.[12] On December 9, 2025, after transfer, the plaintiffs' counsel certified that they had "conferred with their clients and have taken reasonable steps to preserve readily accessible evidence . . . including ESI."[13] On June 5, 2026, the plaintiffs disclosed for the first time Mr. Kenworthy's "regular practice" of deleting all

[8] *Id.* at 1; *see* Compl. – ECF No. 1 at 11–18 (¶¶ 36–41) (product allegations).

[9] Disc. Letter Br. – ECF No. 309 at 1, 2 n.4.

[10] *Id.* at 2 & n.4, 3.

[11] *Id.* at 1.

[12] Joint Rule 26 Report – ECF No. 36 at 3 (cited at Disc. Letter Br. – ECF No. 309 at 1).

[13] Joint Case-Mgmt. Statement – ECF No. 132 at 6 (quoted at Disc. Letter Br. – ECF No. 309 at 1).

emails he sent and received, and his calendar events; they said that the practice ceased on May 27, 2026, and that email was recoverable only back to April 22, 2026.[14]

At his August 11, 2026 deposition, Mr. Kenworthy testified that he deleted his sent and received emails and his calendar events daily during his entire tenure at HellaStorm, Concurrent Ventures, and XtreamEdge (a confidentiality practice he dated to 1982) and that he is "still engaged in deleting e-mails": he does not delete email on his XtreamEdge account, but he keeps a personal-account email only if it "mentions something . . . related to this case" and otherwise deletes it.[15] He described a similar practice of deleting personal documents that he "no longer consider[s] relevant."[16] He also testified that he copied Mr. Beeson on anything "important or material to the business" and forwarded communications "if in the context of the moment I thought it was worthwhile."[17] The defendants represent that Mr. Kenworthy overwhelmingly used personal email accounts for work (third parties produced 698 emails from his personal accounts and 44 from each of his two work accounts) and that sixty percent of the Kenworthy emails produced by third parties do not appear in the plaintiffs' production despite hitting the defendants' search terms and discussing topics such as the similarity of the defendants' products to the asserted patents.[18] The plaintiffs respond that the identified emails predate mid-2022 and thus, in their view, predate any duty to preserve them.[19]

The plaintiffs' counsel instructed Mr. Kenworthy not to answer four questions at the deposition, all concerning communications with counsel about the duty to preserve documents.[20]

---

[14] Disc. Letter Br. – ECF No. 309 at 1; Emails, Ex. A to *id.* – ECF No. 309-1 at 2, 5, 17.

[15] Kenworthy Dep., Ex. K to Disc. Letter Br. – ECF No. 309-11 at 9–10 (324:23–325:11), 21–22 (336:20–337:8) (cleaned up).

[16] *Id.* at 15–16 (330:20–331:2).

[17] *Id.* at 23–25 (338:18–24, 339:3–340:13); Disc. Letter Br. – ECF No. 309 at 5.

[18] Disc. Letter Br. – ECF No. 309 at 1 n.2, 2 (citing Exs. H, I, Q, T–V to *id.*).

[19] *Id.* at 5.

[20] *Id.* at 4 (citing Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 18–19 (333:17–334:8), 21 (336:6–19), 25–26 (340:19–341:1)); *accord id.* at 2 (defendants citing Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 21 (336:3–19)). A fifth instruction, unrelated to this dispute, is at Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 7–8 (311:21–312:20). Disc. Letter Br. – ECF No. 309 at 4 n.6.

More than a month before the deposition, the plaintiffs had told the defendants that they would permit discovery into those communications if the defendants agreed not to argue subject-matter waiver based on the disclosure; the defendants did not accept the proposal and took the deposition with the objection outstanding.[21]

The parties also dispute when the plaintiffs' duty to preserve arose. The defendants contend that the duty arose before 2020: they point to testimony that the plaintiffs contemplated litigation against Pensando "well prior to 2020" and followed Pensando since the mid-2010s, and to the fact that the technical materials underlying the original complaint's infringement allegations were publicly available in 2020.[22] They add that when HellaStorm ceased operations at the end of 2020, its email, documents, and source code were deleted or not preserved, that only "residuals" remain, and that the plaintiffs identified no documents about conception or reduction to practice.[23] The plaintiffs counter that litigation was not probable until mid-2022: they say that they became aware of Pensando's alleged infringement in 2022, did not consider enforcement until mid-2022, first contacted counsel in May 2022, and that Mr. Kenworthy testified only that he thought Pensando might "end up" infringing but "didn't know if they were infringing at the time."[24]

The defendants ask the court to order production of (a) litigation holds, (b) preservation-related communications, and (c) a sworn written account of verbal preservation communications at least three days before a further deposition, and to order (d) a two-hour deposition of Mr. Kenworthy "regarding the topic of spoliation, lack of retention of documents, and any retention instructions or documents he received."[25] The plaintiffs agree to (a) through (c) if the court orders them and offer

[21] Disc. Letter Br. – ECF No. 309 at 4 (citing Ex. L to *id.*).

[22] *Id.* at 2–3 (citing Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 3–5 (213:2–215:4); Compl. – ECF No. 1 at 11–18 (¶¶ 36–41); Exs. C, Q, U to *id.*).

[23] *Id.* at 3 (citing Beeson Dep., Ex. D to *id.* – ECF No. 309-4 at 6–7 (295:2–11, 301:11–16, 302:12–18); Beeson Rule 30(b)(6) Dep., Ex. R to *id.* – ECF No. 309-18 at 5 (35:13–36:1); Exs. C, E, Q, S).

[24] *Id.* at 4–5 (citing Exs. J, M–P to *id.*; Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 3–6 (213:10–214:22, 215:8–216:18)).

[25] *Id.* at 3.

a remote, sixty-minute deposition limited to the previously blocked subjects; they oppose what they call a "free-for-all redo" of topics already covered.[26]

## LEGAL STANDARDS

### 1. Discovery About Preservation Efforts

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Litigation-hold notices and related preservation communications ordinarily are protected by the attorney-client privilege or the work-product doctrine, but they are discoverable if the requesting party makes a preliminary showing of spoliation. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-CV-05944-JST, 2023 WL 5667882, at *2 (N.D. Cal. Jan. 27, 2023) (collecting cases); *Thomas v. Cricket Wireless, LLC*, No. 19-cv-07270-WHA (AGT), 2021 WL 1017114, at *2 (N.D. Cal. Mar. 16, 2021); *Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-02366-BAS-KSC, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020). A preliminary showing is not a finding that spoliation occurred: the discovery is the "initial step that allows a party to investigate and possibly prove spoliation." *City of Colton v. Am. Promotional Events, Inc.*, No. cv-09-06630-PSG-SSx, 2011 WL 13223880, at *5 (C.D. Cal. Nov. 22, 2011).

The duty to preserve arises when litigation is reasonably anticipated ("probable," meaning "more than a possibility") and extends to evidence that the party "knows or reasonably should know is relevant to the action." *Aberin v. Am. Honda Motor Co.*, No. 16-cv-04384-JST, 2017 WL 6493095, at *2 (N.D. Cal. Dec. 19, 2017) (cleaned up); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 549 (N.D. Cal. 2018).

### 2. Reopening a Deposition

A party must obtain leave of court to depose a witness who "has already been deposed in the case," and the court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R.

[26] *Id.* at 3–5.

Civ. P. 30(a)(2)(A)(ii). The court also "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The court limits discovery that is unreasonably cumulative or that the party had ample opportunity to obtain earlier. Fed. R. Civ. P. 26(b)(2)(C)(i)–(ii).

**ANALYSIS**

**1. The Preliminary Showing and the Agreed Production**

One ground establishes the preliminary showing: Mr. Kenworthy's admitted, wholesale deletion of email and calendar data continued daily for more than two years after the plaintiffs filed this case. The parties dispute when litigation first became probable (before 2020, as the defendants urge, or in mid-2022, as the plaintiffs urge), but the court need not resolve that dispute here: the plaintiffs' duty to preserve attached no later than March 29, 2024, when they sued. By the plaintiffs' own disclosure and Mr. Kenworthy's testimony, his deletion practice continued until May 27, 2026, email is recoverable only back to April 22, 2026, and he still deletes personal-account email based on his own judgment that it does not relate to this case.[27] Manual deletion after the duty attaches (or the failure to suspend routine destruction) is a sufficient preliminary showing of spoliation. *CRT*, 2023 WL 5667882, at *2; *Thomas*, 2021 WL 1017114, at *2, *6; *Al Otro Lado*, 2020 WL 4432026, at *2.

The plaintiffs' responses go to the merits of any eventual Rule 37(e) motion, not to whether the defendants may take preservation discovery. First, the plaintiffs contend that nothing was lost because Mr. Kenworthy copied Mr. Beeson on anything material, and ESI is not lost if it "remain[s] available in the records of another custodian." *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 497 (S.D.N.Y. 2016) (cleaned up) (citing Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment). That argument may ultimately prevail, but on this record it is contested: Mr. Kenworthy qualified the practice (he forwarded communications "if in the

[27] Emails, Ex. A to *id.* – ECF No. 309-1 at 2, 5, 17; Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 9–10 (324:23–325:4), 21–22 (336:20–337:8).

context of the moment I thought it was worthwhile"), and the defendants represent that most of the Kenworthy emails produced by third parties are absent from the plaintiffs' production.[28] A preliminary showing does not require the court to find actual spoliation or prejudice; the point of the discovery is to test contentions like these. *City of Colton*, 2011 WL 13223880, at *5; *cf. Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1147–48 (N.D. Cal. 2012) (comparing a party's production to third parties' productions of the same custodian's email). Second, the plaintiffs defend Mr. Kenworthy's current screen (keep what relates to this case, delete the rest) as ordinary relevance-based retention under *Oracle*, 328 F.R.D. at 549. Perhaps. But an interested principal's unilateral, ongoing relevance judgments, made two years into the litigation and after a wholesale-deletion practice came to light, are at minimum a fair subject of inquiry. *Cf. Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1157 (D. Utah 2011) ("it is not for the spoliator to determine what documents are relevant"); *accord FTC v. F&G Int'l Grp. Holdings, LLC*, 339 F.R.D. 325, 331 (S.D. Ga. 2021). The court decides only that. The propriety of the practice, the trigger date, loss, prejudice, and intent all remain open.[29]

The production order follows readily. The plaintiffs agree to categories (a) through (c) if the court orders them, and the preliminary showing independently supports the order. The court orders the production as set out in the Conclusion.

### 2. No Waiver from the Compelled Production

The plaintiffs' only condition on the agreed production was protection against a waiver argument premised on the disclosure. The form of this order supplies it: compelled production is not a voluntary disclosure. *Transamerica*, 573 F.2d at 650–51. To remove any doubt, the court orders under Federal Rule of Evidence 502(d) that the production and testimony compelled by this

[28] Disc. Letter Br. – ECF No. 309 at 2 (citing Exs. Q, T–V); Kenworthy Dep., Ex. K to *id.* – ECF No. 309-11 at 24–25 (339:3–340:3).

[29] The plaintiffs object to the defendants' Exhibit Q as de facto briefing served days before filing; the defendants complain that the plaintiffs provided their Exhibit J only after the defendants' portions were complete. Disc. Letter Br. – ECF No. 309 at 2 n.3, 5 n.7. The court treats both exhibits as party argument and relies on neither beyond the parties' representations in the joint letter itself. The objections are overruled as moot.

order do not waive the attorney-client privilege or work-product protection in this proceeding or in any other federal or state proceeding, and are not voluntary disclosures for waiver purposes. The order does not adjudicate any waiver theory that is not premised on the compelled disclosure, and it does not limit the relief that either side may seek once the discovery is complete.

### 3. The Scope and Length of the Further Deposition

The parties agree that Mr. Kenworthy will sit again; the dispute is whether the examination is confined to the previously blocked lines of questioning (the plaintiffs' position, at sixty minutes) or extends to preservation and spoliation subjects generally (the defendants' position, at two hours). The court largely adopts the defendants' scope and allows two hours.

Three reasons support this conclusion. First, the blocked questions were foundational, not peripheral: they concerned the existence, timing, and content of preservation instructions, which are the predicate facts for any meaningful spoliation examination. An examiner who cannot ask when a witness was told to preserve, or what he was told, cannot fairly test what the witness did in response. Rule 30(d)(1) addresses exactly this: additional time is warranted where a "circumstance impedes or delays the examination." Second, the defendants will be examining on documents that they have never seen: the litigation holds, the preservation communications, and the sworn account ordered here. Questioning about those materials will unavoidably touch subjects that the first deposition grazed, and a blocked-questions-only limit would invite objection skirmishes over whether each question re-covers old ground. Third, the plaintiffs' cumulativeness concern is legitimate, Fed. R. Civ. P. 26(b)(2)(C), but a subject-matter limit and a no-repetition rule address it better than a sixty-minute clock. The examination is limited to (1) the previously blocked lines of questioning, (2) the materials produced under this order, and (3) Mr. Kenworthy's document- and ESI-retention, deletion, and preservation practices, including his actions in response to any preservation instructions. The defendants may not re-ask questions asked and answered at the August 11, 2026, deposition except as reasonably necessary to lay a foundation. Two hours is a modest fraction of the presumptive seven, Fed. R. Civ. P. 30(d)(1), and is proportionate to a new documentary record.

The plaintiffs' strongest counterpoint is that the defendants declined their pre-deposition proposal (the discovery in exchange for a no-waiver stipulation), and so a second deposition is a problem of the defendants' own making. The point has some equitable force, but the proposal asked the defendants to pre-commit on waiver. This order shows that the condition was unnecessary; still, the defendants were not obliged to accept it, and their refusal did not forfeit examination on information that the plaintiffs withheld.

**CONCLUSION**

The court grants the defendants' motion in part and orders as follows:

1. Litigation holds. Within fourteen days of this order, the plaintiffs must produce any litigation-hold notices sent to the plaintiffs, including Mr. Kenworthy, relating to this case.

2. Preservation communications. Within fourteen days of this order, the plaintiffs must produce any communications involving the plaintiffs, their principals, or their employees regarding the duty to preserve documents and ESI, any steps taken to preserve documents and ESI, and any failure to preserve documents or ESI.

3. Sworn Account. At least three days before Mr. Kenworthy's further deposition, the plaintiffs must serve a sworn written account of all verbal communications in the categories in paragraphs 1 and 2.

4. Further deposition. Within thirty-five days of this order, the plaintiffs must produce Mr. Kenworthy for a further deposition (remote unless the parties agree otherwise) of no more than two hours on the record, limited to (a) the lines of questioning previously blocked on privilege grounds, (b) the materials produced under paragraphs 1 through 3, and (c) Mr. Kenworthy's document- and ESI-retention, deletion, and preservation practices, including his actions in response to any preservation instructions. The defendants may not re-ask questions asked and answered at the August 11, 2026, deposition except as reasonably necessary to lay a foundation.

5. No waiver. Under Federal Rule of Evidence 502(d), the production and testimony compelled by this order do not waive the attorney-client privilege or work-product protection in

this proceeding or in any other federal or state proceeding, and the compelled disclosures are not voluntary disclosures for waiver purposes. This order does not adjudicate any other waiver theory.

6. Scope of decision. The court does not decide whether spoliation occurred, when any duty to preserve attached, or whether any remedy under Rule 37(e) or otherwise is warranted.

This resolves ECF No. 309.

**IT IS SO ORDERED.**

Dated: September 14, 2026

LAUREL BEELER
United States Magistrate Judge