United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CONCURRENT VENTURES, LLC, et al.,<br>Plaintiffs,<br>v.<br>ADVANCED MICRO DEVICES INC., et al.,<br>Defendants. | Case No. 25-cv-09567-JST (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 337 |

## INTRODUCTION

The court earlier limited the parties to ten fact depositions and seventy hours of deposition time, without prejudice to a witness-specific showing of need.[1] The plaintiffs now ask for leave to depose four of the defendants' customers (Dell, IBM, Microsoft, and Cisco) and for ten more hours. The defendants oppose both requests.[2]

The court grants the request in part. The plaintiffs may depose IBM, Microsoft, and Cisco for up to two hours each, limited to how the customer uses and configures the accused products and

[1] Order – ECF No. 262 at 9–10. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents

[2] Disc. Letter Br. – ECF No. 336-3 at 1–5 (sealed letter brief); *see* Disc. Letter Br. – ECF No. 337 at 1–5 (redacted, public brief). The parties filed the letter brief under seal; the citations in this order refer to the sealed version.

why it bought them. The seventy-hour cap is enlarged by six hours for those depositions only. The request is denied without prejudice as to Dell and is otherwise denied.

## STATEMENT

The plaintiffs claim that the defendants' data-processing units infringe their patents and that the defendants induce their customers to infringe, including through the customers' use of a protocol called NVMe over Fabric (NVMEoF).[3] The defendants contend that [redacted] that feature.[4]

The plaintiffs have allocated their ten depositions to six Rule 30(b)(1) depositions of the defendants' employees, one Rule 30(b)(6) deposition (with four designees), and three third parties, including the defendants' customers Oracle and HPE. They have used forty-five of their seventy hours.[5] Fact discovery closes on October 8, 2026.[6]

After the court's earlier order, the plaintiffs deposed the defendants' Rule 30(b)(6) designee on customer usage. The parties read his testimony differently. The plaintiffs say that he disclaimed knowledge of how particular customers configure and use the products, could not say whether [redacted], and said that the plaintiffs would have to ask the customers. The defendants say that he confirmed that [redacted] and that the plaintiffs merely pressed him to concede that he could not be certain about what customers do on their own.[7]

The plaintiffs also subpoenaed the four customers. By their account, Dell and Cisco have not meaningfully complied (a motion to enforce the Dell subpoena is pending in the Western District of Texas), Microsoft will not produce documents until the last day of fact discovery, and IBM has

---

[3] Disc. Letter Br. – ECF No. 336-3 at 1–2.

[4] *Id.* at 2, 4.

[5] *Id.* at 3–5.

[6] Order – ECF No. 294.

[7] Disc. Letter Br. – ECF No. 336-3 at 1–2, 4 (citing Tan Dep., Exs. B & H).



United States District Court
Northern District of California

said that most of the relevant information is not in documents and earlier agreed to a deposition.[8] The plaintiffs cite documents that, in their view, suggest [redacted]. They cite none for Dell.[9]

## ANALYSIS

### 1. Leave to Depose the Customers

A party needs leave to take more than ten depositions, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(A)(i). The moving party must make a particularized showing of need. *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). The court's earlier order applied that standard and left room for a witness-specific showing.[10]

The plaintiffs have made that showing for IBM, Microsoft, and Cisco. Induced infringement requires direct infringement by someone else (here, the customers). *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 586 (2026); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009). The defendants respond that what a customer does on its own is irrelevant because inducement requires knowledge of the infringement and active encouragement. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Hikma Pharms*, 608 U.S. at 587. Those elements concern the defendants' conduct and state of mind. The plaintiffs must still prove that the customers performed the allegedly infringing acts, and the defendants' position (that [redacted]) puts customer use at issue.

The customers are the only firsthand source on that point. On either side's reading of the Rule 30(b)(6) designee's testimony, he could speak to what the defendants enabled and know, not to what the customers do with the products after they buy them. The testimony is thus not cumulative of the Rule 30(b)(6) deposition, which was the court's concern in its earlier order. And for these

[8] *Id.* at 2 & n.2.

[9] *Id.* at 2 (citing Exs. C, O, P & Q).

[10] Order – ECF No. 262 at 9–10.

three customers, the plaintiffs pair the gap with documents suggesting use and with subpoenas that have not filled it.

The plaintiffs' other ground (the customers' reasons for buying the products) would not justify more depositions by itself. It is true of every customer and is the kind of general showing that the court has rejected. But brief questioning on the subject adds little burden once the witness is there.

Dell is different. The plaintiffs identify no document suggesting that Dell uses the accused functionality. Their showing rests on Dell's sales volume and its noncompliance with a subpoena, and the remedy for noncompliance is the pending motion to enforce. The request is denied without prejudice to a renewed request if Dell's production shows a specific need.

The defendants' remaining arguments do not change the result. First, they contend that the plaintiffs should substitute customers for their untaken Rule 30(b)(1) depositions. Courts generally expect a party to exhaust its ten depositions before asking for more. *Authentec*, 2008 WL 5120767, at *1. But the plaintiffs have identified the witnesses and the gap, discovery closes on October 8, and the untaken depositions are of the defendants' employees, who on the defendants' own account cannot speak for the customers. Nothing in *Pacesetter* or *X One* requires a different result on this record.[11] The better answer to the defendants' proportionality concern is to keep the customer depositions short. Second, the parties trade accusations about the Baldi deposition: the defendants say that the plaintiffs used it to get discovery for another lawsuit, and the plaintiffs say that defense counsel obstructed it.[12] The court does not resolve them because neither bears on whether the customers have unique knowledge. Third, the defendants raise delay. This order does not extend the fact-discovery cutoff.

The depositions are subject to these limits. Each is limited to two hours of questioning by the plaintiffs and to two subjects: (1) the customer's use and configuration of the accused products, including any use of NVMEoF, and (2) its reasons for buying them. This order does not compel

[11] *Pacesetter Consulting LLC v. Kapreilian*, No. CV-19-00388-PHX-DWL, 2020 WL 5111054, at *2–3 (D. Ariz. Aug. 31, 2020); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK (SVK), 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019).

[12] Disc. Letter Br. – ECF No. 336-3 at 3, 5.

United States District Court
Northern District of California

any nonparty to appear. Disputes about a subpoena belong in the court for the district where compliance is required. Fed. R. Civ. P. 45(d), (g).

**2. Additional Hours**

The plaintiffs have twenty-five hours left for eight remaining depositions.[13] Leave to take three more would mean little without time to take them, but ten hours is more than the narrow scope warrants. (The defendants' estimate of one hour per customer assumes questioning on NVMEoF alone.) The court enlarges the seventy-hour cap by six hours, usable only for the IBM, Microsoft, and Cisco depositions.

In reaching this conclusion, the court considered whether the plaintiff established good cause to exceed the limits. Courts generally expect a party to exhaust its ten depositions before asking for more. *Authentec*, 2008 WL 5120767, at *1. The plaintiffs have untaken Rule 30(b)(1) depositions of the defendants' employees and twenty-five unused hours. They agreed to the limits knowing that the defendants sold the accused products to these customers.[14] And the court's earlier order contemplated that a broad Rule 30(b)(6) deposition would reduce the need for individual depositions.[15] When the defendants designated four witnesses, the plaintiffs dropped their individual depositions of those witnesses and replaced them with four other employees, not with customers.[16] They do not explain why each of those depositions is needed. A party cannot fill its allotment with party witnesses and then point to third parties as the reason for more.

Nor is the need as acute as the plaintiffs say. Oracle — the [redacted] that the defendants identify as [redacted] — and HPE are already within the ten. The plaintiffs' subpoenas to the four customers are outstanding and can be enforced in the compliance courts.

---

[13] Disc. Letter Br. – ECF No. 336-3 at 3, 5. The letter is unclear about the number of untaken depositions. *Compare id.* at 5 (four added Rule 30(b)(1) depositions), *with id.* ("six other 30(b)(1) depositions" and two Rule 30(b)(6) witnesses remain).

[14] *Id.* at 4 (citing ECF Nos. 102, 132 & 262).

[15] Order – ECF No. 262 at 9.

[16] Disc. Letter Br. – ECF No. 336-3 at 5.

And the plaintiffs may substitute any customer for an untaken deposition within the existing limits. The request for more hours falls with the request for more depositions.

Considering the competing issues, the court nonetheless enlarges the cap for the reasons set forth above.

**CONCLUSION**

The court grants the plaintiffs' request in part and denies it in part. The plaintiffs may depose IBM, Microsoft, and Cisco in addition to their ten depositions, subject to the limits in Analysis § 1. The seventy-hour cap is enlarged by six hours for those depositions only. The parties must confer within two days of this order to come up with a plan for completing the depositions, including completing depositions after the fact-discovery cutoff. The request is denied without prejudice as to Dell and is otherwise denied.

This resolves ECF No. 337.

**IT IS SO ORDERED.**

Dated: October 1, 2026

LAUREL BEELER
United States Magistrate Judge