United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CONCURRENT VENTURES, LLC, et al.,

Plaintiffs,

v.

ADVANCED MICRO DEVICES, INC., et al.,

Defendants.

Case No. 25-cv-09567-JST (LB)

**DISCOVERY ORDER**

Re: ECF No. 378

**INTRODUCTION**

The court earlier limited the plaintiffs to ten fact depositions and seventy hours of deposition time and then allowed two-hour depositions of three of the defendants' customers (IBM, Microsoft, and Cisco) on two subjects: each customer's use and configuration of the accused products, including any use of NVMe over Fabric (NVMEoF), and its reasons for buying them.[1] The court denied leave to depose a fourth customer, Dell Technologies, Inc., because the plaintiffs identified no document suggesting that Dell uses the accused functionality, "without prejudice to a renewed request if Dell's production shows a specific need."[2]

---

[1] Order – ECF No. 262 at 9–10; Order – ECF No. 339 at 1, 4–5. Record citations are to the ECF-stamped page numbers at the top of filed documents.

[2] Order – ECF No. 339 at 4.

The plaintiffs renew the request: they ask to depose Dell under Rule 30(b)(6) for two hours on the same two subjects. The defendants do not oppose. Magistrate Judge Howell of the Western District of Texas, where the plaintiffs moved to enforce their subpoena to Dell, has ordered Dell to sit for this deposition, contingent on this court's authorizing it. Dell, a nonparty, asks the court to deny the request as premature.[3]

The court grants the request. The defendants' documents now show what was missing: evidence of a years-long collaboration with Dell about NVMEoF and the accused products. That is the specific need that the earlier order contemplated. Dell's objections go to what its testimony will show or to subpoena compliance, which belongs in the Western District of Texas. The seventy-hour cap is enlarged by two hours for this deposition.

## STATEMENT

The plaintiffs claim that the defendants' data-processing units infringe their patents and that the defendants induce their customers to infringe, including through the customers' use of NVMEoF.[4] In October, the court allowed two-hour depositions of IBM, Microsoft, and Cisco but not Dell: the showing for Dell rested on sales volume and subpoena noncompliance, and the plaintiffs identified no document suggesting that Dell uses the accused functionality.[5] The court directed the parties to confer on a plan for completing the depositions, including after the fact-discovery cutoff. Fact discovery closed on October 8, 2026.[6]

The plaintiffs separately moved in the Western District of Texas to compel Dell to comply with their subpoena. After briefing and an in-person hearing, Magistrate Judge Howell ordered Dell to search for and produce "representative documents sufficient to show testing of the

[3] Renewed Request – ECF No. 377-3 at 1–3. The plaintiffs filed the unredacted request and its Exhibits E–K under seal with an administrative motion to consider whether the defendants' designated material should be sealed, which remains pending under Civil Local Rule 79-5(f). Admin. Mot. – ECF No. 377. The redacted public version is at ECF No. 378. Citations are to the sealed version, but this order quotes only material that is public in the redacted version.

[4] Order – ECF No. 339 at 2.

[5] *Id.* at 4.

[6] *Id.* at 6; Order – ECF No. 294.

United States District Court
Northern District of California

operation" of the DPU features of the accused products, including testing with NVMe or NVMEoF, and to "make available a 30(b)(6) witness to sit for an up-to-2-hour deposition" on Dell's use of the accused products (including any testing) and its reasons for purchasing them. The order is "contingent on this additional deposition being authorized by the judge presiding over" this case.[7]

In the renewed request, the plaintiffs point to documents that the defendants produced — several cited in the plaintiffs' infringement contentions for the '767 patent — reflecting years of Dell–AMD/Pensando discussions, evaluation, and testing concerning NVMEoF and other technical aspects of the accused products, including a configuration that the defendants identified as "for Dell."[8] They contend that documentation of Dell's testing and evaluation is nonetheless largely absent from both Dell's production and the defendants', and that the defendants' witnesses could not address the gap.[9] The defendants do not oppose the request.[10] Dell does: in an email that it asked the plaintiffs to convey, Dell responds that (1) it is an original-equipment manufacturer that resells the accused products rather than using them in its own IT architecture, (2) its search so far has uncovered no relevant NVMe testing, and (3) a deposition is premature until it completes the search that Judge Howell ordered.[11]

**ANALYSIS**

A party needs leave to take more than ten depositions, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(A)(i). The moving party must make a particularized showing of need. *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). Because the plaintiffs' induced-

---

[7] Howell Order, Ex. A to Renewed Request – ECF No. 378-1 at 2–3; s*ee* Renewed Request – ECF No. 377-3 at 1–2; Pls.' Mot. to Compel, Ex. B – ECF No. 378-2; Dell Resp., Ex. C – ECF No. 378-3; Pls.' Reply, Ex. D – ECF No. 378-4.

[8] Renewed Request – ECF No. 377-3 at 2 (citing Exs. E–J – ECF Nos. 377-4 to 377-9, and the plaintiffs' infringement contentions, ECF No. 283, Ex. A).

[9] *Id.* at 2–3.

[10] *Id.* at 1, 3 (non-opposition attestation).

[11] Dell Email, Ex. L to Renewed Request – ECF No. 378-12 at 2–3.

infringement claims require proof that the customers directly infringe, the court held in October that customer-specific evidence of use could justify a short deposition and denied the Dell request only because no document suggested Dell's use. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 586 (2026); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009).[12]

The plaintiffs have made that showing. The defendants' documents reflect a years-long collaboration with Dell concerning NVMEoF, the accused functionality, and the plaintiffs' infringement contentions cite a configuration that the defendants labeled "for Dell." Documentation of what Dell actually did with the products is largely missing from both productions, and the defendants' witnesses could not supply it. Dell is the only firsthand source on its own use.[13] Two hours on the subjects already allowed for IBM, Microsoft, and Cisco adds little burden, and the defendants do not oppose the request. The compliance court reached the same conclusion after briefing and a hearing: Judge Howell's order asks only for this court's authorization.[14]

Dell's objections do not change the result. Its merits points — that it is an OEM that resells the accused products rather than using them itself, and that its search has found no relevant NVMe testing — are answers that its designee can give at the deposition. They bear on what the testimony will show, not on whether the plaintiffs may conduct depositions. The reasons-for-buying subject also stands: Dell concedes that it buys the accused products and includes them in the computers it sells, and why it chose them over alternatives bears on demand and damages.[15] The prematurity objection concerns sequencing, and Judge Howell's order accounts for it: the order directs the document search and the deposition together and conditions the deposition only on this court's authorization, not on completion of the search. Nothing in this order requires the deposition to precede Dell's production. Finally, this order authorizes the deposition within this

[12] Order – ECF No. 339 at 3–4.

[13] Renewed Request – ECF No. 377-3 at 2–3.

[14] Howell Order, Ex. A to Renewed Request – ECF No. 378-1 at 2–3.

[15] Dell Email, Ex. L to Renewed Request – ECF No. 378-12 at 2.

case's deposition limits. It does not itself compel Dell to appear. Disputes about the subpoena belong in the court where compliance is required. Fed. R. Civ. P. 45(d), (g).

The seventy-hour cap is enlarged by two hours, usable only for the Dell deposition. As with the other customer depositions, the parties may complete it after the fact-discovery cutoff. This order does not otherwise extend the cutoff or alter the existing limits.[16]

**CONCLUSION**

The court grants the plaintiffs' renewed request. The plaintiffs may take a Rule 30(b)(6) deposition of Dell, limited to two hours of questioning by the plaintiffs and to two subjects: (1) Dell's use and configuration of the accused products, including any use of NVMEoF, and (2) its reasons for buying them. The seventy-hour cap is enlarged by two hours for that deposition only.

This resolves ECF No. 378.

**IT IS SO ORDERED.**

Dated: November 10, 2026



LAUREL BEELER
United States Magistrate Judge



[16] Order – ECF No. 339 at 4–6.